3V, INC., Appellant,

v.

JTS ENTERPRISES, INC., Francesco Carlin, and Compagnia Italiana Di Ricerca E Sviluppo S.R.L., Appellees.

No. 14–99–01058–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 14, 2000.

Rehearing Overruled March 29, 2001.

Stephen I. Weil, Kevin Dubose, Jennifer Bruch Hogan, Houston, for appellant.

John D. Norris, H.H. (Shashi) Kewalramani, J. Timothy Sisk, Houston, for appellees.

Panel consists of Justices FOWLER, EDELMAN, and SONDOCK.*

## OPINION

FOWLER, Justice.

Appellant, 3V, Inc., appeals from a dismissal for want of prosecution in its lawsuit against JTS Enterprises, Inc., Francesco Carlin, and Compagnia Italiana di Ricerca e Sviluppo S.R.L., appellees. This case presents four procedural issues: (1) Was 3V's motion to reinstate, which did not meet the letter of rule 165a requiring verification, still effective to extend the time to file a notice of appeal?; (2) Was the trial court authorized to dismiss this case even though it was abated by a higher court?; (3) Is the failure to file a "final order" a valid reason to dismiss a case?; and (4) Could the trial court in this case dismiss either for the failure to file a final order or for 3V's failure to prosecute with due diligence? We hold the following: (1) the motion to reinstate did extend the appellate timetable; (2) the trial court was authorized to dismiss the case in spite of the abatement; (3) failure to file a final order is a valid reason to dismiss a case; (4) the trial court could not dismiss this case for the failure to file a final order because the case was not in a posture at which the parties could file a final order; and (5) the trial court also could not dismiss the case for the more general reason of failure to prosecute because 3V was not given notice that the case might be dismissed on this ground. For these reasons, we reverse the order of the trial court dismissing this case and remand to the trial court for further proceedings.

## BACKGROUND AND PROCEDURAL HISTORY

In April of 1995, 3V, Inc. ("3V") filed a lawsuit seeking temporary and permanent injunctive relief against JTS Enterprises, Inc. ("JTS"), Francesco Carlin ("Carlin"), and Compagnia Italiana di Ricerca e Sviluppo S.R.L. ("CIRS"), alleging tortious interference with existing and prospective contracts, unfair competition and injury to business reputation, breach of contract, fraud, theft of trade secrets, and other related causes of action. The trial court refused to order the parties to arbitration in Italy, JTS appealed that order, and this Court reversed that decision and rendered judgment that the parties arbitrate. We

* Former Justice Ruby Kless Sondock sitting by assignment.

also ordered the case abated, pending the outcome of arbitration.[1] *See Carlin v. 3V, Inc.,* 928 S.W.2d 291 (Tex.App.—Houston [14th Dist.] 1996, no writ).

Nearly three years later—on March 12, 1999—and without lifting the abatement, the trial court issued a "notice of intent to dismiss" 3V's lawsuit because court records indicated that, although there had been a "settlement, verdict or decision dispositive of the case," no "final order" had been filed. The notice advised that if a final order was not filed by May 3, 1999, the case would be "DISMISSED FOR WANT OF PROSECUTION." (emphasis in original). 3V failed to file any response to the trial court's notice or to provide the trial court with any information about the arbitration proceeding's status. Instead, on May 26, 1999—three weeks after its due date—3V filed a one sentence motion with the trial court asking only that the court retain the case on its docket. 3V's motion neglected to provide any information about the status of the parties' arbitration proceeding, nor did it give any reason for 3V's failure to file a timely response to the trial court's notice of intent to dismiss or for 3V's failure to file a final order.

In response to 3V's motion to retain, Carlin and CIRS filed a joint motion to dismiss the case, citing 3V's failure to diligently pursue arbitration in Italy; JTS also filed a motion to dismiss. Carlin and CIRS alleged that, although 3V's parent corporation was participating in arbitration, 3V had declined to get involved. On June 14, 1999, the trial court denied 3V's

motion to retain, and dismissed the case for want of prosecution. The order stated that the dismissal was ordered pursuant to the March 12 notice of intent to dismiss.

On July 14, 1999, under Rule 165 of the Texas Rules of Civil Procedure, 3V filed a motion to reinstate the case on the trial court's docket and, under Rule 320, filed an alternative motion for a new trial. In the motion, 3V conceded that, without offering any explanation, it had failed to respond to the trial court's notice before the May 3, 1999 deadline. 3V pointed out, however, that it had filed its motion to retain prior to the entry of a dismissal order and that, technically, it had not failed to appear for a trial or hearing. Further, for the first time, 3V informed the trial court that, contrary to the March 12, 1999 notice, there was no "settlement, verdict, or dispositive decision" in the case and so no final order could be filed. 3V indicated that efforts to arbitrate were being made, and it submitted a declaration—made pursuant to the Hague Convention—by an Italian lawyer, an affidavit of 3V's New York lawyer, and a supplemental affidavit outlining the parties' progress in the Italian proceeding. 3V insisted, therefore, that dismissal for want of prosecution was inappropriate. On July 28, 1999, the trial court denied 3V's motions to reinstate and for a new trial.

On September 8, 1999, 3V filed an "emergency motion to reopen the case"; it requested the court to (1) reconsider the dismissal for want of prosecution and denial of 3V's prior motions for reinstatement,

---

1. The language of the order was the following: "The judgment of the trial court is reversed, and judgment is rendered compelling arbitration in Italy according to the terms of the agreement and abating the cause pending arbitration." Although the order has "reverse and render" language in it, the appeal, taken from a denial of a motion to compel

arbitration, was interlocutory; the case was not finished at the trial level. Thus, the intent of the order was to reverse the order denying arbitration, order the parties to arbitrate, and remand the case to the trial court for further proceedings in accordance with our judgment.

and (2) grant a new trial. In this emergency motion, 3V reported that, on September 2, 1999, the Italian arbitration panel decided it would not arbitrate the merits of the case and instead, the dispute should proceed to litigation. 3V also alleged, for the first time, that it did not learn of the trial court's March 12, 1999 notice of intent to dismiss the case for want of prosecution until June 9, 1999, well after the May 3 deadline had expired. In response, the appellees maintained that 3V had failed to excuse its delay in answering the trial court's notice of intent to dismiss, or to demonstrate good cause for keeping the case on the trial court's docket. The appellees also re-urged their arguments that 3V had not diligently pursued arbitration.

On September 13, 1999, the same day that it held an evidentiary hearing, the trial court denied 3V's emergency motion. On September 13, 1999, 3V filed a notice of its intent to appeal the trial court's July 14, 1999 order denying its motion to retain.

### ISSUES PRESENTED

In this appeal, 3V raises the following issues for the court's consideration: (1) whether the trial court had authority to dismiss the case for want of prosecution during the abatement period; (2) whether the trial court abused its discretion by dismissing the case for failing to file a final order when "nothing ha[d] happened to make a final order necessary or appropriate"; and (3) whether the trial court abused its discretion for dismissing the case for a reason not stated in its notice of intent to dismiss.[2] In response, JTS filed a motion to dismiss the appeal for lack of jurisdiction, arguing that 3V's notice of appeal was not timely filed. Carlin and CIRS also filed a motion to dismiss the appeal on those same grounds. In addition to reframing the issues as presented

by 3V, Carlin and CIRS also ask this court to consider whether, if this court currently has original jurisdiction over the matter, this matter must be dismissed for want of prosecution as a result of the plaintiff's failure to arbitrate its claims for over three years and to thereby remove the basis for abatement.

### THE MOTIONS TO DISMISS

■ In their motions to dismiss, appellees argue that 3V's appeal should be dismissed for lack of jurisdiction because the motion to reinstate was not verified. As noted above, the trial court's dismissal order was entered on June 14, 1999, meaning that a notice of appeal from that order was due on July 14, 1999. *See* TEX.R.APP.P. 26.1 (Vernon Supp.2000). On July 14, 1999, 3V filed a motion to reinstate the case under Rule 165a of the Texas Rules of Civil Procedure. Ordinarily, this motion would have extended the appellate deadline, *see* TEX.R.APP.P. 26.1(a)(3) (providing that a motion to reinstate under Rule 165a extends the time to perfect appeal to 90 days from the date the judgment is signed); however, appellees argue that 3V's motion was not verified properly, and thus failed to extend the appellate timetable. If the appellate timetable were not extended, 3V's September 13, 1999 notice of appeal was untimely. As we explain below, we conclude that the appellate timetable was extended.

Rule 165a of the Texas Rules of Civil Procedure governs the reinstatement of cases dismissed for want of prosecution. That rule requires a party seeking reinstatement to file a verified motion to reinstate either within 30 days after the court signs the dismissal order or within the time provided by Texas Rule of Civil Procedure 306a. *See* TEX.R.CIV.P. 165a(3);

---

**2.** 3V has not assigned error to the denial of its motion to reinstate.

*see also McConnell v. May,* 800 S.W.2d 194, 194 (Tex.1990). In the absence of a verified motion to reinstate, the trial court's plenary jurisdiction expires 30 days after the date on which it signed the final order of dismissal. *See* Tex.R.Civ.P. 165a(3). In addition, without a motion to reinstate, to timely perfect an appeal, a party must file a written notice of appeal no more than 30 days after the judgment is signed. *See* Tex.R.App.P. 26.1 (Vernon Pamph.2000). Because a motion to reinstate is required to be verified, courts have held that a motion that contains no verification at all, extends neither the trial court's plenary power, nor the time in which to perfect an appeal. *See State v. Martini,* 902 S.W.2d 138, 140 (Tex.App.— Houston [1st Dist.] 1995, no writ) (citing *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex.1986); and *Owen v. Hodge,* 874 S.W.2d 301, 303 (Tex.App.— Houston [1st Dist.] 1994, no writ)).

Appellees claim that 3V's motion to reinstate was ineffective to extend the trial court's plenary power because "it was not verified and there was no adequate verification substitute attached to the motion." To answer this argument, we turn to the motion and affidavits. It is true that a typical verification was not attached to the motion; the Houston counsel of record merely signed the motion. The motion itself denied Carlin and CIRS's allegations that 3V had done nothing "in furtherance of the compelled arbitration," it denied that a settlement, verdict or dispositive disposition had occurred, it stated that 3V had not failed to appear at any hearings, and it stated that neither 3V nor its lawyers had intentionally or with conscious indifference failed to prosecute the case.

However, attached to this motion were two affidavits: one from Mr. D'Ambrosio, New York counsel for 3V, and one from an Italian lawyer, Mr. Giovanni Frau, who was representing 3V's parent in Italian arbitration proceedings. Mr. D'Amrosio's affidavit was sworn to and notarized by a notary public. He denied that 3V had done nothing in furtherance of arbitration and then gave the names of the three Italian arbitrators and the date arbitration was to commence. The affidavit of the Italian lawyer was followed with a declaration by him that the statements therein were true and correct and he authenticated the affidavit "in accordance with the Hague Convention." In addition, although he did not state that the information contained within the affidavit was within his personal knowledge, it was abundantly clear that it was. For example, he spoke of meetings with the Italian Board of Arbitration at which he made certain arguments to the Board. His affidavit confirmed that 3V or its parent was pursuing arbitration. It is clear that the purpose of these affidavits was to show that, contrary to Carlin and CIRS's claims, 3V was actively pursuing arbitration.

Carlin and CIRS argue that even though the affidavits discuss how actively 3V or its parent was pursuing arbitration, they were still insufficient. They insist that the D'Ambrosio affidavit did not verify the claims in the motion to reinstate and was not based on personal knowledge. But, the affidavit did verify the claims set out in the motion itself-namely that 3V was moving the case forward. Although D'Ambrosio did not say that his knowledge was personal, he did refer to Mr. Frau's affidavit, which was obviously based on personal knowledge.

Likewise, Carlin and CIRS attack Frau's affidavit because they claim that the affidavit was not by a movant or his attorney. In this case, this is a hypertechnical argument we cannot sustain. 3V's whole point in the motion was that arbitration was occurring. The arbitration was in

Italy; only 3V's Italian lawyer would have personal knowledge of those proceedings. Even though Frau was not 3V's attorney in this suit, using Frau's affidavit did not violate the intent of rule 165a that someone with personal knowledge of a party's diligence in prosecuting a case verify this fact.

In short, we conclude that the affidavits were sufficient to verify the motion to reinstate[3] and we deny the motion to dismiss.

## THE TRIAL COURT'S AUTHORITY TO DISMISS

### a. The abatement.

■ In its first issue on appeal, 3V complains that, because the Fourteenth Court of Appeals abated the case pending the outcome of an arbitration proceeding, the trial court had no authority to dismiss the case during the abatement. We disagree.

■ "An abatement is a present suspension of all proceedings in a suit." *America Online, Inc. v. Williams*, 958 S.W.2d 268, 272 (Tex.App.—Houston [14th Dist.] 1997, no pet.) (citing *Permanente Med. Ass'n of Tex. v. Johnson*, 917 S.W.2d 515, 517 (Tex.App.—Waco 1996, orig. proceeding)). In that context, "suspend"

means "to interrupt; to cause to cease for a time; to postpone; to stay, delay, or hinder; to discontinue temporarily, but with an expectation or purpose of resumption." *Id.* (quoting BLACK'S LAW DICTIONARY 1446 (6th ed.1979)). Generally, an abatement is sought to challenge the plaintiff's pleadings by asserting that facts outside the pleadings prevent the suit from going forward in its present condition. *See Texas Highway Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex.1967); *Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 354 (Tex.App.—San Antonio 1999, no pet.). By granting an abatement, the court gives the plaintiff an opportunity to cure the defect. *See Martin*, 2 S.W.3d at 354. Once granted, an abatement precludes the trial court and the parties from going forward on a case until the defect or obstacle is removed. *See Williams*, 958 S.W.2d at 272; *see also In re Kimball Hill Homes Texas, Inc.*, 969 S.W.2d 522, 527 (Tex.App.—Houston [14th Dist.] 1998, orig. proceeding).

■ In its reply brief, 3V concedes that an abatement is a temporary suspension in a case, and that it is not intended to be infinite in duration. 3V also concedes that a court may inquire about the status of an abated case.[4] In fact, it is well

---

3. Our discussion should not be taken as a comment on whether the motion to reinstate should have been granted. That issue is not before us. Nor should we be understood to say that in every case a motion to reinstate that fails to follow the letter of Rule 165a will extend the appellate timetable.

4. Although 3V relies on *In re Kimball Hill Homes Texas, Inc.*, 969 S.W.2d 522 (Tex.App.—Houston [14th Dist.] 1998, orig. proceeding) and *Fedco Oil Co. v. Pride Refining Co.*, 787 S.W.2d 572 (Tex.App.—Houston [14th Dist.] 1990, no writ), we disagree that they are controlling here. In *Kimball Homes*, we held that the trial court erred in refusing to grant an abatement required by statute and, therefore, any orders entered by it during the abatement period were void. *See*

*Kimball Homes*, 969 S.W.2d at 527. In *Fedco*, we held that it was error to dismiss for want of prosecution because the record detailed "almost constant activity until the day the trial judge dismissed the case for want of prosecution." *Fedco*, 787 S.W.2d at 574–75. Neither of those cases are on point with the facts present here. 3V also points to *Sanchez v. Hester*, 911 S.W.2d 173 (Tex.App.—Corpus Christi 1995, orig. proceeding), in an effort to analogize the abatement to the automatic stay entered during bankruptcy proceedings under 11 U.S.C. § 362. We note, however, that at least one other Texas court has rejected this analysis, holding that the automatic bankruptcy stay did not prohibit the trial court from dismissing a plaintiff's suit for want of prosecution. *See Montgomery Ward & Co. v. Denton County Appraisal Dist.*, 13 S.W.3d 828,

established that Texas trial courts have "wide discretion" in managing their dockets. *See Clanton v. Clark,* 639 S.W.2d 929, 931 (Tex.1982). A trial judge has "a duty and obligation to maintain control of the docket and to require parties to prosecute their suits with diligence." *Texas Soc'y, Daughters of the Amer. Revolution v. Hubbard,* 768 S.W.2d 858, 861 (Tex.App.—Texarkana 1989, no writ). In that regard, it is well-settled law that, if a trial court discovers that the plaintiff has failed to correct a defect or impediment to suit after an abatement has been granted, the trial court may properly dismiss the plaintiff's case. *See Hebert v. Shrake,* 492 S.W.2d 605, 606 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ); *Browne v. Bear, Stearns & Co.,* 766 S.W.2d 823, 824 (Tex. App.—Dallas 1989, writ denied); *Garcia–Marroquin v. Nueces County Bail Bond Bd.,* 1 S.W.3d 366, 374 (Tex.App.—Corpus Christi 1999, no pet.); *M & M Constr. Co. v. Great Amer. Ins. Co.,* 747 S.W.2d 552, 554 (Tex.App.—Corpus Christi 1988, no writ); *Lighthouse Church of Cloverleaf v. Texas Bank,* 889 S.W.2d 595, 600 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

Nonetheless, 3V argues that the trial court could not disturb an abatement entered by this Court. We decline to adopt this position. It contemplates that (1) the trial court ignored this Court's order that the parties arbitrate and (2) that the case had to remain abated until the parties arbitrated. However, inherent in our order to arbitrate was the idea that the arbitration would be completed within a reasonable time. The trial court did not ignore the order. The case was abated and the court had given the parties three years to arbitrate. So, the court did follow our order. Moreover, adopting this argument would prevent the trial court from managing its docket and, in this case, would be unwarranted and unnecessary. Only the trial court had jurisdiction over this lawsuit. This Court did not. The practical effect of our order was to reverse the trial court's order denying the motion to compel arbitration and to remand the case to the trial court. Consequently, even though this Court ordered the case abated pending arbitration, we no longer had jurisdiction over the case.[5] It follows that if the trial court had sole jurisdiction over the case, it had authority to manage its own docket, including dismissing 3V's case three years after the order to arbitrate. 3V's first issue on appeal is therefore overruled, and the first issue raised by Carlin and CIRS is sustained.

**b. Dismissal for Failure to File a Final Order and for Failure to Prosecute**

Having found that the trial court had authority to manage its docket, we must now determine whether the trial court appropriately dismissed 3V's lawsuit or whether it abused its discretion.

In its second issue, 3V contends that, if the trial court dismissed the case for 3V's failure to file a final order, it abused its discretion because "failure to file a final order" was not a valid reason for dismissal and the trial court's notice of intent to dismiss was based on a mistake of fact. On the other hand, 3V argues that if the trial court dismissed the case for 3V's failure to prosecute generally, it failed to give 3V adequate notice of its true reason for dismissal.

830 (Tex.App.—Fort Worth 2000, pet. denied). For this reason, and others discussed more fully above, we decline to apply 3V's analogy in this case.

5. For this reason—i.e., that we have no original jurisdiction over this case—we deny Carlin and CIRS's request to dismiss the case for want of prosecution.

When reviewing a dismissal for want of prosecution, the sole issue is whether the appellant can demonstrate a clear abuse of discretion by the trial court. *See Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (1957); *City of Houston v. Malone*, 828 S.W.2d 567, 568 (Tex.App.—Houston [14th Dist.] 1992, no writ). To determine whether there is an abuse of discretion, the reviewing court must determine whether the trial court acted without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Acting in a manner contrary to case law constitutes an abuse of discretion. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41, 57 (Tex.1998). We will address first whether the court was authorized to dismiss a case for "failure to file a final order."·

### (1). General Authority to Dismiss for Failure to File a Final Order.

In Texas, a trial court may dismiss a case for want of prosecution in any of the following circumstances: (1) when a party fails to appear at a hearing or at trial (rule 165a(1)), (2) when the case has not been disposed of within the supreme court's guidelines (which requires that civil jury cases be disposed of within 18 months from the appearance date (rule 165a(2))), and (3) when a case has not been prosecuted with due diligence (inherent power to dismiss). *See Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999); *Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 57 (Tex.App.—Houston [14th Dist.] 1993, no writ) (citing *City of Houston v. Thomas*, 838 S.W.2d 296, 297 (Tex.App.—Houston [1st Dist.] 1992, no writ)). The trial court's authority to dismiss is derived both from Rule 165a of the Texas Rules of Civil Procedure and from its own inherent power to manage its own docket. *See Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex.1976); *Burton v. Hoffman*, 959 S.W.2d 351, 353 (Tex.App.—Austin 1998, no pet.). When an unreasonable delay in the prosecution of a case occurs, it is presumed that the case has been abandoned. *See Bilnoski*, 858 S.W.2d at 57 (citing *Hosey v. County of Victoria*, 832 S.W.2d 701, 704 (Tex. App.—Corpus Christi 1992, no writ)). If that delay is not sufficiently explained, the presumption of abandonment is conclusive and the case will be dismissed. *See id.*

3V argues that the failure to file a final order is not a valid ground for dismissal. 3V makes this argument based on *Villarreal* and other opinions which state that a case may be dismissed only on one of the three grounds mentioned above. *See id.; Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 57 (Tex.App.—Houston [14th Dist.] 1993, no writ). 3V argues that the trial court's notice of intent to dismiss does not fall within any of these three bases.

We are of the opinion that the notice of intent to dismiss for failure to file a final order falls within the second and third categories, which entail the authority to dismiss when a case is not prosecuted within the supreme court's guidelines and the court's inherent power to dismiss for failure to prosecute. Diligent prosecution includes not only diligent prosecution to the time of trial, but also diligence thereafter in procuring a final judgment or other final order. This goal of bringing a case through trial and to its ultimate conclusion is evident from the supreme court's own time standards which declare that a civil jury case must be *disposed of* within 18 months from the appearance date. *See* TEX.R.JUD.ADMIN. 6. Thus, in Texas, we are concerned not only with diligence to trial but also diligence to a conclusion of the case. In this case, the very specific

notice from the court satisfies this goal and at the same time informs the party exactly what it must do for the case to be retained. So, in principle, we find no fault with this notice because we conclude that it is subsumed within the category of dismissals for failure to prosecute. We choose not to, and see no reason to, penalize the court for using more specific, rather than less specific language. However, this leads us to the second question, whether the court, in this particular case, could dismiss for 3V's failure to file a final order.

### (2). The Particular Notice at Issue.

■ Nearly three years after the parties were ordered to attend arbitration, the trial court issued a notice of intent to dismiss on March 12, 1999. In that notice, the trial court warned the parties of its intent to dismiss the case for want of prosecution because it believed that there had been a "settlement, verdict, or decision dispositive of the case," yet no final order had been filed. The trial court cautioned, therefore, that it would dismiss the case for want of prosecution if a final order was not filed on or before May 3, 1999. 3V made no effort to meet this deadline or to contact the trial court and explain that there had been no "decision dispositive of the case" and no final order. Instead, it waited until May 26 to file a motion which stated the following in its entirety:

Plaintiff moves to retain this case on the Court's docket. Plaintiff has unsuc-

cessfully attempted to confer with Defendants.

This motion is set for submission on June 7, 1999, at 8:00 a.m.

3V provided no information about the status of the parties' arbitration proceeding, nor did 3V provide any reason for its failure to file a timely response to the trial court's notice. The trial court denied the motion to retain and dismissed 3V's case pursuant to its March 12th notice.

If we were required to look only at 3V's pleadings, we would hold that the trial court had authority to dismiss the case for failure to file a final order because 3V failed to inform the court that the court was mistaken about the occurrence of a settlement or dispositive event. However, we are not required to look only at 3V's pleadings. We must look at all of the pleadings filed with the court in response to the notice of intent to dismiss. JTS responded to 3V's motion to retain and, in essence, informed the court that no settlement, verdict or decision dispositive of the case had occurred. The gist of the motion was that 3V had not pursued arbitration, indeed, had not done anything on the case, and so the case was in exactly the same posture as it had been three years earlier. In short, between these two motions, the court had enough information in response to its notice to know that a settlement or other dispositive event had not occurred. On this state of the record, knowing that its notice was based on a faulty assumption, we agree with 3V that the court could not dismiss the case for 3V's failure to file a final order based on a settlement.[6]

---

**6.** Our conclusion would be different if the court had not been informed that its notice was based on a faulty assumption. In that case, since it is the parties' responsibility to inform the court of any error on its part, the trial court could properly dismiss. We recognize that our conclusion may be frustrating to JTS, who informed the court of the case's status. However, as an officer of the court,

JTS should have informed the court of the true status of the case. The trial court had an option to rule on a different basis than it did, for, in response to 3V's motion to retain, JTS filed its own motion to dismiss. Had the court chosen to base the dismissal on JTS's motion rather than basing the dismissal on the court-generated notice, this case would

### (3). The Court's Authority to Dismiss under its Inherent Power to Manage its Docket.

 JTS argues that, even if the notice were based on an incorrect assumption, the trial court had the authority, through its inherent power to manage its docket, to dismiss the case for the failure to prosecute. However, this notice did not give the trial court the authority to dismiss the case for 3V's failure to prosecute. Under the notice sent, the only reason the trial court could dismiss the case was for failure to file a final order. It could not dismiss for the failure to prosecute with diligence because 3V was not given sufficient notice that the court might dismiss the case for failure to prosecute. We base this conclusion on *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628 (Tex.1999), in which the court held that, a notice of dismissal must inform a plaintiff of the exact reason for dismissal; otherwise, it violates the party's due process rights.[7] In *Villarreal*, the supreme court was faced with a notice of setting/notice of dismissal which, in its relevant parts is indistinguishable from ours. The notice stated the following:

> BY DIRECTION OF THE PRESIDING JUDGE OF SAID COURT[,] NOTICE IS HEREBY GIVEN YOU THAT THE ABOVE CAUSE(S), UPON ORDER OF THE COURT[,] IS SET FOR DISMISSAL ON THE 22ND DAY OF OCTOBER, 1996.... YOU ARE REQUESTED TO BE PRESENT AND MAKE YOUR ANNOUNCEMENT. IF NO ANNOUNCEMENT IS MADE, THIS CAUSE WILL BE DISMISSED FOR WANT OF PROSECUTION.

> ALL ORDERS THAT WILL REMOVE A CASE FROM THE DISMISSAL DOCKET MUST BE SUBMITTED TO THE DISMISSAL DEPARTMENT ON OR BEFORE THE DATE WHEN THE DOCKET IS CALLED.

> YOU ARE REMINDED THAT THIS IS NOT A DOCKET FOR THE RESETTING OF CASES, BUT FOR THEIR DISMISSAL.

*Id.* at 632.

The court held that this notice informed the plaintiff that the case would be dismissed only if the plaintiff did not appear and announce ready. *Id.* The court "reject[ed] Defendants' contention that '[t]he dismissal notice clearly indicated that the plaintiff's case would be dismissed unless the plaintiff could show good cause why it should not be dismissed for want of prosecution.'" *Id.* Thus, the court held that the notice could not be interpreted as giving notice of two grounds for dismissal—failure to announce ready and failure to use diligence in prosecuting the case; it gave notice of only one basis for dismissal.

The notice before us—especially that sentence stating, "[i]f a final order is not filed and set for submission on 05–03–1999, at 9:00 A.M., this case will be DISMISSED FOR WANT OF PROSECUTION"—is indistinguishable from the *Villarreal* order. Like the *Villarreal* order, it notifies the plaintiff that only one act can remove the case from the dismissal docket. In *Villarreal*, that one act was announcement of ready for trial; here, that one act was the filing of a final order.

Thus, under the notice sent out, the trial court was precluded from dismissing this case for any reason other than the failure

---

not be plagued with the due process issue we discuss below.

**7.** The trial court probably did not have the benefit of reading *Villarreal* before it signed the dismissal order. The opinion came out shortly before the order was signed. Moreover, the parties never cited *Villarreal* to the court.

to file a final order. *See Id.* Yet, as discussed earlier, the trial court was also precluded from dismissing the case for failure to file a final order because a settlement or other dispositive event had not occurred. Having been informed that a dispositive event had not occurred, the only option for the court was to issue a new notice of intent to dismiss based on either rule 165a(2) or its inherent power to dismiss for failure to prosecute or to rule on JTS's motion to dismiss. *Id.* at 630. Since it did not do this, the trial court abused its discretion in dismissing the case.

### CONCLUSION

Based on the foregoing, we hold that the trial court abused its discretion in dismissing 3V's lawsuit for want of prosecution, and we reverse the trial court's judgment dismissing the case for want of prosecution, and remand the case to the trial court.