NO. 07-03-0189-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 7, 2004

_____


JAMES GUEST[1] AND ANITA GUEST, APPELLANTS

V.

AUSTIN L. DIXON, M.D., APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 6913; HONORABLE JOHN T. FORBIS, JUDGE

_____


Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


**OPINION**

_____

[1]James Guest died on August 20, 1997. A suggestion of death and notice that suit would be prosecuted by his surviving widow was filed on September 15, 1997.

By two issues, appellant Anita Guest appeals from an order dismissing her suit alleging medical negligence against appellee Austin L. Dixon, M.D. By her first issue, she contends the trial court erred in dismissing the case for want of prosecution, and by her second issue, contends the trial court erred in refusing to apply the "conscious indifferent" [sic] standard in resolving the motion to dismiss for want of prosecution. Based on the rationale expressed herein, we dismiss the appeal for want of jurisdiction.[2]

This Court is obligated to determine, *sua sponte,* its jurisdiction to hear an appeal. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.–Amarillo 1994, writ denied); *see also* New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990). On August 30, 1995, Guest filed suit to recover damages allegedly caused by the medical malpractice and negligence of Austin L. Dixon, M.D. Thereafter, on July 24, 2002, Dixon filed his motion to dismiss for want of prosecution pursuant to Rule 165a of the Texas Rules of Civil Procedure, and Guest filed her response on December 27, 2002. After a hearing was conducted, on January 25, 2003, the trial court signed its order dismissing Guest's action for want of prosecution.[3] The order does not recite any specific findings or grounds for the dismissal. Then, on February 26, 2003, represented by the same law firm and a member from a different firm, Guest filed a motion to reinstate the action per Rule 165a(3).

---

[2]Notice as required by Rule 42.3(a) Tex. R. App. P. was given to counsel by letter dated November 21, 2003.

[3]At all times material hereto, Guest has been represented by the same law firm, albeit at least three different attorneys were assigned to the case.

2

Following a hearing, the trial court signed an order on April 20, 2003, denying Guest's motion to reinstate. She filed her notice of appeal on April 24, 2003, referencing the order of dismissal and the order denying her motion to reinstate. On May 2, 2003, she filed an amended notice of appeal to correct the referenced date on the order of dismissal.

A notice of appeal must be filed within 30 days after a judgment or final order is signed unless a post-judgment motion is timely filed, thereby extending the deadline to 90 days. Tex. R. App. P. 26.1. Although a timely filed motion to reinstate a proceeding dismissed for want of prosecution filed pursuant to Rule 165a(3) of the Texas Rules of Civil Procedure serves to extend the deadline for filing a notice of appeal, the motion to reinstate filed by Guest was not verified by her or her attorney. By letter dated November 21, 2003, this Court notified Guest of the defect and requested that she show cause why the appeal should not be dismissed for want of jurisdiction. She filed a response to our letter alleging the affidavit of a former attorney submitted with the motion to reinstate was sufficient to satisfy the requirements of Rule 165a. Dixon replied to Guest's response alleging that the affidavit accompanying the motion to reinstate did not constitute verification. We agree with Dixon.

Guest relies on 3V, Inc. v. JTS Enterprises, Inc., 40 S.W.3d 535 (Tex.App.--Houston [14th Dist.] 2000, no pet.), in support of her contention that the separate affidavit of her former counsel which was submitted along with the motion to reinstate

3

constituted verification of the motion for purposes of Rule 165a. However, for the reasons discussed below, *3V*, *Inc.*, is not applicable.

In *3V*, *Inc.*, the motion of the corporate movant was supported by affidavits of two of its attorneys. Although the affiants were not attorneys of record in the Texas proceeding, according to the affidavits, they had knowledge of matters relevant to the Texas proceeding by virtue of their representation of the client outside Texas. Being a corporate movant, verification could only be accomplished by the act of a person or persons with knowledge acting on behalf of the movant. Also, the attorney-client relationship is an agency relationship. *See* Texas Employers Insurance Ass'n v. Wermske, 162 Tex. 540, 349 S.W.2d 90, 93 (1961). Accordingly, the affidavits of the attorneys constituted verification for 3V, Inc., as a corporate movant. Here, however, the affidavit of one of Guest's former attorneys does not amount to verification because the agency relationship had ceased to exist.

Further, the alleged verification is incomplete. By his affidavit, Guest's former attorney covered only the case history from May 1996 to March 2001, when he left the firm. As a result, he did not address approximately 24 months of case history. Finally, by his response to the affidavit of Guest's former attorney, Dixon filed an objection to the affidavit and orally argued his objection at the hearing on Guest's motion to reinstate. Among other grounds, citing Ginsberg v. Fifth Court of Appeals, 686 S.W.2d 105 (Tex.

4

1985), Dixon objected to the affidavit because Guest had not complied with his discovery request filed in response to the affidavit of Guest's former attorney.

We conclude that because the motion to reinstate was not properly verified, it did not operate to extend the deadline for filing the notice of appeal beyond the 30 days provided in Rule 26.1 of the Texas Rules of Appellate Procedure. *See* McConnell v. May, 800 S.W.2d 194 (Tex. 1990); *see also* Butts v. Capitol City Nursing Home, 705 S.W.2d 696, 697 (Tex. 1986). Accordingly, we do not have jurisdiction to consider the appeal and must dismiss the proceeding.

Accordingly, the appeal is dismissed for want of jurisdiction.

Don H. Reavis
Justice

Campbell, J., dissenting.

5

NO. 07-03-0189-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 7, 2004

_____

JAMES GUEST AND ANITA GUEST, APPELLANTS

V.

AUSTIN L. DIXON, M.D., APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 6913; HONORABLE JOHN T. FORBIS, JUDGE

6

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**DISSENTING OPINION**

Disagreeing with my colleagues that we lack jurisdiction over this appeal, I respectfully dissent from its dismissal.

The rule stated in *McConnell v. May*, 800 S.W.2d 194 (Tex. 1990) (orig. proceeding), by which an unverified motion to reinstate filed under Rule 165a of the Rules of Civil Procedure is held not to extend the due date of the notice of appeal under Rule 26.1(a) of the Rules of Appellate Procedure, seems to me an exception to the general policy that disfavors the defeat of appellate jurisdiction by procedural defects and irregularities. *See, e.g., Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997).

In at least one other context, the case law draws a distinction between the effect of a procedural error on the appellate timetable and other consequences of the error. In *Tate v. E.I. DuPont de Nemours & Co., Inc.*, 934 S.W.2d 83, 84 (Tex. 1996), the Supreme Court held that the failure to pay the required filing fee with a motion for new trial may forfeit the movant's opportunity to have the motion considered by the trial court, but it does not invalidate the motion's filing for purposes of extending the due date for

appeal. Similarly, in *Marathon Corp. v. Pitzner ex rel. Pitzner,* 55 S.W.3d 114, 125 (Tex.App.–Corpus Christi 2001), *rev'd on other grounds*, 106 S.W.3d 724 (Tex. 2003), the court held that an appellant's failure to pay the filing fee with a motion for new trial until after the motion was overruled by operation of law and the trial court lost plenary power did not keep the motion from extending the appellate timetable, even though it rendered the motion ineffective to preserve error on the issues that were dependent on a timely filed motion.

For the narrow purpose of determining whether a motion to reinstate has been filed and the time to perfect appeal thus extended under Rule 26.1(a)(3), and in the interest of the "simplicity and certainty in appellate procedure" that our Supreme Court has stated is desirable, *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 205 (Tex. 2001), I would apply a similar analysis here and would limit *McConnell* to instances in which there is a complete absence of verification. Since appellant's motion to reinstate was not entirely unverified, I would find that its filing was effective to extend the date appellant's notice of appeal was due under Rule 26.1(a), that appellant's notice of appeal was therefore timely filed and that we have jurisdiction of the appeal.

James T. Campbell
Justice