Affirmed and Opinion filed June 28, 2005









Affirmed and Opinion filed June 28, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00098-CV

____________

 

ARTHUR JOHNSON, Appellant

 

V.

 

BRIGIDO SEPULVEDA;
MARIA SEPULVEDA; LYNN HENDERSON; CITY OF HOUSTON FIRE CHIEF CHRIS CONNEALY, In
his Individual and Official Capacities; CITY OF HOUSTON MAYOR LEE BROWN, In his
Individual and Official Capacities; AND HENRY DANIELS, et al., Appellees

 



 

On Appeal from the 164th
Judicial District Court

Harris County, Texas

Trial Court Cause No. 03-08337

 



 

O P I N I O N

Appellant, Arthur Johnson, filed suit
against appellees in February of 2003. 
The trial court dismissed appellant=s suit for want of
prosecution on October 8, 2003.  In this
pro se appeal, appellant contends: (1) the trial court abused its discretion in
not complying with his motion for recusal; and (2) the trial court  erred in not setting and holding a hearing on
his motion to reinstate.  We affirm.








Motion for Recusal

Appellant argues in his first and fourth
points of error that the trial court abused its discretion in Anot complying@ with his motion
for recusal. 

To recuse a judge, a party must follow the
procedure prescribed by Texas Rule of Civil Procedure 18a.  Tex. R.
Civ. P. 18a.  According to Rule
18a, on the day a motion for recusal is filed, copies must be served on all
other parties or their counsel of record, together with a notice that the
movant expects the motion to be presented to the judge three days after the
filing of such motion unless otherwise ordered by the judge.  Tex.
R. Civ. P. 18a(b).  Additionally,
under Rule 18a, the motion to recuse must be verified and state with
particularity the grounds why the judge before whom the case is pending should
not sit.  Tex. R. Civ. P. 18a(a). 
The motion must be made on personal knowledge and set forth such facts
as would be admissible in evidence, provided that facts may be stated upon
information and belief if the grounds of such belief are specifically stated.  Id. 
If a party fails to follow these mandatory requirements of Rule 18a, he
waives the right to complain of a judge=s failure to
recuse himself.  Carson v. Serrano,
96 S.W.3d 697, 698 (Tex. App.CTexarkana 2003,
pet. denied); Gill v. Texas Dept. of Criminal Justice, Institutional Div.,
3 S.W.3d 576, 579 (Tex. App.CHouston [1st
Dist.] 1999, no pet.).  








Here, appellant filed a general motion for
recusal.  There is no evidence he gave
notice of expectancy of presentment to the judge three days after filing, and
there is no evidence the judge was presented with the motion three days after
filing.  See Tex. R. Civ. P. 18a(b).  Additionally, appellant=s motion to recuse
is not properly verified because the affidavit attached to the motion addresses
only appellant=s indigence.  See Tex.
R. Civ. P. 18a(a).  Furthermore,
appellant=s motion to recuse does not state with
particularity the grounds why the trial judge should not sit and is not made on
personal knowledge or information and belief. 
Id.  Because appellant did
not comply with the mandatory procedures prescribed by Rule 18a, appellant
waived his right to complain on appeal about the trial judge=s failure to take
any action in response to the motion.  See
Barron v. State Atty. Gen., 108 S.W.3d 379, 382 (Tex. App.CTyler 2003, no
pet.) (stating the procedural requisites for recusal are mandatory and party
failing to conform waives right to complain of judges failure to recuse
himself).  Thus, the provisions of the
rule obligating the trial judge either to recuse herself or refer the motion to
the presiding judge of the administrative judicial district were never
triggered.  Id. at 383. 

          Accordingly, we overrule points of error
one and four.

Failure to Hold a Hearing on Motion
to Reinstate

In points of error two and three,
appellant argues the trial court erred in not setting and  holding an oral hearing on his motion to
reinstate after his suit was dismissed for want of prosecution.  Texas Rule of Civil Procedure 165a(3)
requires a trial court to set an oral hearing on any timely filed and properly
verified motion to reinstate after dismissal of a suit for want of prosecution.  See Tex.
R. Civ. P. 165a(3); Thordson v. City of Houston, 815 S.W.2d 550,
550 (Tex. 1991).  








Here, appellant=s affidavit
accompanying his motion to reinstate is not properly verified as required by
Rule 165a(3).  Specifically, the
affidavit attached to the motion to reinstate addresses only appellant=s indigence, and
does not  reference the attached motion
to reinstate.  See Guest v. Dixon,
153 S.W.3d 466, 468 (Tex. App.CAmarillo 2004,
pet. filed) (holding motion to reinstate was not properly verified because
affiant was former attorney of party and because alleged verification was
incomplete).  Indeed, the affidavit
attached to the motion to reinstate is virtually identical to the one attached
to the recusal motion.  Appellant=s improper
affidavits vitiate his motions. 
Additionally, there is no showing in the record appellant requested a
hearing on his motion in the trial court. 
AClearly before
trial court error can be found in the failure to set a hearing on a motion to
reinstate the movant must request a hearing.@  Cabrera v. Cedarapids Inc., 834 S.W.2d
615, 618B19 (Tex. App.CHouston [14th
Dist.] 1992, writ denied) (stating that a party may not lead a trial court into
error and then complain about it on appeal); see Rainbow Home Health, Inc.
v. Schmidt, 76 S.W.3d 53, 57 (Tex. App.CSan Antonio 2002,
pet. denied) (holding trial court did not err in failing to conduct a hearing
on motion for reinstatement when appellants failed to call to the trial court=s attention the
need for a hearing); see also Smith v. McKee, 145 S.W.3d 299, 305B06 (Tex. App.CFort Worth 2004,
no pet.) (reversing trial court for failure to hold a hearing on motion to
reinstate, but noting the motion to reinstate requested a hearing).  

Because appellant=s motion to
reinstate is unverified and no request was made for a hearing on the motion, we
overrule points of points of error two and three. 

Vexatious Litigant

Arthur Johnson has been declared to be a
vexatious litigant pursuant to Chapter 11, Civil Practice and Remedies
Code.  See Johnson v. Johnson, No. 01-03-00209-CV, 2004 WL 219795,
at *1 (Tex. App.CHouston [1st Dist.] Jan. 30, 2004, no pet.)(mem op.); In re Johnson, No. 01-03-01229-CV, 2004 WL 36248,
at *1 (Tex. App.CHouston [1st Dist.] Jan. 7,2004,orig.proceeding)(mem op.);see also http://www.courts.state.tx.us/oca/vexatious_

litigants.pdf (June 8, 2005) (listing Arthur Johnson as a vexatious
litigant).  

Under section 11.101 of the Texas Civil Practice and Remedies
Code:

(a)  A court
may, on its own motion or the motion of any party, enter an order prohibiting a
person from filing, in propria persona,[1]
a new litigation in a court in this state if the court finds, after notice and
hearing as provided by Subchapter B, that:

(1)  the person
is a vexatious litigant; and 

(2)  the local
administrative judge of the court in which the person intends to file the
litigation has not granted permission to the person under Section 11.102 to
file the litigation.

(b)  A person
who disobeys an order under Subsection (a) is subject to contempt of
court.  








Tex. Civ. Prac. & Rem. Code Ann. ' 11.101 (Vernon 2002) (footnote
omitted).  Because Arthur Johnson is a
vexatious litigant, he is subject to the forgoing rules.  

Chapter 11 of the Texas Civil Practice and Remedies Code is
entitled AVexatious Litigants.@ 
This law originated in House Bill 3087 authored by Representative Will
Hartnett.  The bill analysis from the
Civil Practices Report provides as follows under a section entitled ABackground:@

Some litigants abuse the Texas
court system by systematically filing lawsuits with little or no merit.  This practice clogs the courts with
repetitious or groundless cases, delays the hearing of legitimate disputes, wastes
taxpayer dollars, and requires defendants to spend money on legal fees to
defend against groundless lawsuits.               

 

House Comm. On State Practices, Bill Analysis, Tex. H.B. 3087, 75th
Leg., R.S. (1997).    

Similarly, the bill analysis contains a Apurpose@ section, as follows: AH.B. 3087 will curb vexatious
litigation by requiring plaintiffs found by a court to be >vexatious= to post security for costs before
proceeding with a lawsuit.@  Id.  

Consistent with the principles and purposes of Chapter 11,
judicious application by trial courts of the provisions of Chapter 11 to those
persons declared vexatious litigants will benefit the judicial branch of Texas= government by deterring abuses of
our judicial system and protecting scarce judicial resources.  

CONCLUSION

Because we have overruled all of appellant=s points of error,
we affirm the judgment of the trial court.

 

 

/s/      John S. Anderson

Justice

 

Judgment
rendered and Opinion filed June 28, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson. (Yates, J. Concurs in results
only).











[1]  In propria
persona is synonymous with pro se; it refers to a situation in which
a litigant represents himself or herself without the benefit of a lawyer.  Spiller v. Spiller, 21 S.W.3d 451, 454
(Tex. App.CSan Antonio 2000, no pet.).