NO. 12-04-00346-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

PHILIP W. STEPHENS,                                                                              §                      APPEAL FROM THE 294TH

APPELLANT

 

V.                                

                                                                                    §                      JUDICIAL DISTRICT COURT OF

DAVID DARNELL,
INDIVIDUALLY

AND d/b/a DARNELL
CONSERVATION

CONTRACTORS, INC.,

APPELLEE                                                                                                   §                      VAN
ZANDT COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Philip W.
Stephens appeals from the dismissal of his breach of contract case against
David Darnell, individually and doing business as Darnell Conservation
Contractors, Inc.  Stephens asserts the
trial court erred in failing to hold a hearing on his motion to reinstate.  We reverse and remand.

 

Background

            Stephens
filed his original petition on November 6, 1991.  On May 25, 2004, the trial court sent
Stephens notice that the case would be dismissed for want of prosecution
unless, within thirty days, he made a written request to leave the case on the
docket.  Stephens promptly made that
request.  Shortly thereafter, Darnell
filed a motion to dismiss for want of prosecution.  After a hearing, the trial court granted the
motion and dismissed the case.  Stephens
filed a motion to reinstate, requesting a hearing on the motion, which was overruled
by operation of law.  This appeal
followed.

Motion to
Reinstate

            In
his sole issue, Stephens asserts the trial court erred when it failed to set a
hearing on his motion to reinstate.  He
argues that Rule of Civil Procedure 165a(3) requires a hearing and that the
court’s failure to adhere to the mandatory rule requires reversal.  We agree.

            Dismissals
for want of prosecution and a litigant’s efforts at reinstatement are governed
in large part by Rule of Civil Procedure 165a. 
See Tex. R. Civ. P.
165a.  With regard to motions to
reinstate a case after its dismissal for want of prosecution, rule 165a(3)
provides that the trial judge “shall set a hearing on the motion as soon as
practicable.”  Tex. R. Civ. P. 165a(3). 
The supreme court has determined that this language leaves the trial
court no discretion on whether to hold an oral hearing on the motion to
reinstate.  Thordson v. Houston,
815 S.W.2d 550, 550 (Tex. 1991). 
Therefore, the court erred in failing to hold a hearing on Stephens’s
motion to reinstate.

            Darnell
argues that the trial court did not abuse its discretion in declining to set a
hearing because Stephens’s motion to reinstate was not properly verified.  He asserts the affidavit attached to the
motion is not an adequate substitution for verification because it did not
verify facts relating to a ten year time period in the case’s history, it
failed to reference the motion, and it did not verify all statements in the
motion.

            The
motion was signed by Stephens’s counsel and referenced an attached affidavit of
counsel.  In the affidavit, counsel
stated he had personal knowledge of all facts stated therein.  He explained the history of the case,
including the fact that it was filed in 1991 and he was not aware of its
existence until 2001, and his actions in pursuing the case.  He stated that he has prosecuted the case
with due diligence and has not acted in a consciously indifferent manner. The
affidavit was sworn to before a notary. 
The affidavit was sufficient to verify the claim set out in the motion
that Stephens was acting with due diligence in pursuing the case.  See 3V, Inc. v. JTS Enters.,
Inc., 40 S.W.3d  533, 538 (Tex.
App.–Houston [14th Dist.] 2000, no pet.).

            Darnell
cites Guest v. Dixon, 153 S.W.3d 466 (Tex. App.–Amarillo 2004,
pet. filed) for the proposition that the affidavit is incomplete because it
fails to cover a portion of the case’s history. 
While the Amarillo court did note that the affidavit under consideration
there did not address a twenty-four month period of the case history, the case
actually turned on the fact that the affidavit was provided by Guest’s former
attorney.  The affidavit did not
constitute a verification because the agency relationship had ceased to
exist.  Id. at 468.  

            It
would be accurate to say Stephens’s motion to reinstate was not entirely
verified because the affidavit did not speak to the ten year period before
counsel took over the case.  However, a
hearing is required even where the motion is partly verified.  See Daley v. Powerscreen Texas Holdings,
Inc., No. 14-98-00132-CV, 1999 Tex. App. LEXIS 7243 at *5-6 (Tex. App.–Houston
[14th Dist.] September 30, 1999, no pet.) (not designated for
publication).  Likewise, the fact that
the affidavit failed to refer specifically to some statements made in the
motion is not fatal.  Id.
Stephens was entitled to a hearing on his motion to reinstate.  We sustain Stephens’s issue.

 

Disposition

            We
reverse the trial court’s order and remand the case
for an oral hearing on Stephens’s motion to reinstate.

 

 

                                                                                                    DIANE DEVASTO   

                                                                                                                 Justice

 

 

Opinion
delivered February 22, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)