IN THE SUPREME COURT OF TEXAS









IN THE SUPREME COURT OF TEXAS

 

════════════

No. 04-0128

════════════

 

James Guest and Anita Guest,
Petitioners,

 

v.

 

Austin L. Dixon. M.D.,
Respondent

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the Seventh District of Texas

════════════════════════════════════════════════════

 

 

PER CURIAM

 

 

Justice Johnson did not participate in
the decision.

 

Rule
165a(3) of the Texas Rules of Civil Procedure provides that a timely motion to
reinstate a case that has been dismissed for want of prosecution extends the
deadline to perfect appeal.[1] The rule also states: “A motion to reinstate
shall set forth the grounds therefor and be verified by the movant or his
attorney.” A divided court of appeals held that a motion to reinstate supported
only by the affidavit of the movant’s former attorney in the case does
not extend the deadline for appeal. 153 S.W.3d 466 (Tex. App.–Amarillo 2004).
We disagree.

Petitioner
Anita Guest and her husband James sued respondent Dr. Austin Dixon and others
for medical malpractice. Nearly seven years later, and five years after James
had died, Dixon, the only remaining defendant, moved to dismiss the case for
want of prosecution. Guest took five months to respond to the motion, and after
a hearing, the trial court granted it. Guest then filed a motion to reinstate[2]
supported by the affidavit of a lawyer who had acted as co-counsel for her
along with other lawyers in his firm for almost all of the time the case had
been pending but who, according to his affidavit, had withdrawn from the firm
before the case was dismissed. The affidavit discussed the history of the
prosecution of the case based on the lawyer’s personal knowledge. The trial
court denied the motion, and Guest filed a notice of appeal 89 days after the
judgment was signed.

The
court of appeals dismissed the appeal for want of jurisdiction, holding that
“because the motion to reinstate was not properly verified, it did not operate
to extend the deadline for filing the notice of appeal”.[3] The
court believed that a contrary case, 3V, Inc. v. JTS Enterprises, Inc.,[4]
was distinguishable.[5] The dissent argued that the motion
was sufficiently verified.[6]

We
held in Butts v. Capitol City Nursing Home, Inc., 705 S.W.2d 696, 697
(Tex. 1986) (per curiam), and again in McConnell v. May, 800 S.W.2d 194,
194 (Tex. 1990) (per curiam), that an unverified motion to reinstate does not
extend the deadline for perfecting appeal. Since those cases we have repeatedly
stressed that procedural rules should be construed and applied so that the
right of appeal is not unnecessarily lost to technicalities.[7] Assuming
that the rule in Butts and McConnell survives our later cases, we
think the motion in this case was properly verified because it was supported by
the affidavit of Guest’s attorney for much of the time the case was pending,
who was aware of the facts regarding its prosecution. That was sufficient to
satisfy Rule 165a. To hold that the motion could not be supported by the
affidavit of Guest’s former attorney could deprive the party of the best
evidence available. The rule does not require such a result.

Dixon also argues that the motion to reinstate was not properly verified because Guest’s
former attorney ceased his representation nearly two years before the motion
was filed and therefore could not account for any lack of activity during that
period. But while the attorney’s lack of knowledge may go to the merits of the
reinstatement motion, it does not deprive the court of jurisdiction.

Accordingly,
we grant Guest’s petition for review and, without hearing oral argument, Tex.
R. App. P. 59.1, reverse the judgment of the court of appeals and remand the
case to that court for consideration of the other arguments raised by the
appeal.

 

Opinion
delivered: June 16, 2006.














[1] Tex. R. Civ.
P. 165a(3) (“In the event for any reason a motion for reinstatement is
not decided by signed written order within seventy‑five days after the
judgment is signed, or, within such other time as may be allowed by Rule 306a,
the motion shall be deemed overruled by operation of law. If a motion to
reinstate is timely filed by any party, the trial court, regardless of whether
an appeal has been perfected, has plenary power to reinstate the case until 30
days after all such timely filed motions are overruled, either by a written and
signed order or by operation of law, whichever occurs first.”).





[2] As the court of appeals’ opinion reflects, the motion
was filed 32 days after the judgment was signed. Id. at 467. The record
does not reflect whether the motion was timely. Neither Dixon nor the court of appeals
asserts that the motion was not timely.





[3] 153 S.W.3d at 468.





[4] 40 S.W.3d 533 (Tex. App.–Houston [14th Dist.] 2000,
no pet.) (rejecting the contention as “a hypertechnical argument we cannot
sustain” that a motion to reinstate was not verified because it was supported
by affidavits of the movant’s arbitration lawyers, neither of whom was a lawyer
in the case, explaining how the arbitration proceedings had delayed the case).





[5] 153 S.W.3d at 468 (concluding that even though the
lawyers did not represent the corporation in the case, they were nevertheless
its agents).





[6] Id. at 469 (Campbell, J., dissenting).





[7] Republic Underwriters Ins. Co. v. Mex‑Tex,
Inc., 150 S.W.3d 423, 427 (Tex. 2004) (quoting Verburgt v. Dorner,
959 S.W.2d 615, 616‑617 (Tex. 1997)); Briscoe v. Goodmark Corp., 102
S.W.3d 714, 717 (Tex. 2003) (referring to “our oft‑repeated position that
a party should not lose the right to appeal because of an ‘overly technical’
application of the law”); Verburgt, 959 S.W.2d at 616-617 (“[W]e have
instructed the courts of appeals to construe the Rules of Appellate Procedure
reasonably, yet liberally, so that the right to appeal is not lost by imposing
requirements not absolutely necessary to effect the purpose of a rule.”); Jamar
v. Patterson, 868 S.W.2d 318, 319 (Tex. 1993) (“It is our policy to
construe rules reasonably but liberally, when possible, so that the right to
appeal is not lost by creating a requirement not absolutely necessary from the
literal words of the rule.”); Crown Life Ins. Co. v. Estate of Gonzalez,
820 S.W.2d 121, 121‑122 (Tex. 1991) (stating that procedural rules should
be “liberally construed so that the decisions of the courts of appeals turn on
substance rather than procedural technicality”).