**Rodney Wayne SMITH, Relator**

v.

**The Honorable Lamar McCORKLE, Judge, the Honorable Scott Brister, Judge, and Katherine Tyra, District Clerk, Respondents.**

No. 94–1199.

Supreme Court of Texas.

March 30, 1995.

Rodney Wayne Smith, Rosharon, pro se.

Frank E. Sanders, Glen Van Slyke, and Mike Driscoll, Houston, for respondents.

ON PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

Rodney Wayne Smith, an inmate in the Texas Department of Corrections, filed suit in Harris County against administrators of the Harris County Hospital District. The trial court granted the defendants' motion for summary judgment, and Smith filed a timely notice of appeal and affidavit of inability to pay costs. The Harris County District Clerk contested Smith's request to proceed in forma pauperis, alleging that Smith was not too poor to pay costs and that Smith had "failed to file an Affidavit as required by Rule 49(3)" of the Texas Rules of Appellate Procedure.[1] After giving notice to Smith, the trial court held a hearing and orally sustained the contest to Smith's affidavit. No written order was entered in the record, although the docket entries reflect that Smith's motion was "denied as presented." After unsuccessfully seeking mandamus in the Court of Appeals, Smith requested mandamus in this Court.

In the absence of a written order sustaining a contest, the allegations of the affidavit are taken to be true. See TEX. R.APP.P. 40(a)(3); *Ranier v. Brown*, 623 S.W.2d 682, 685 (Tex.App.—Houston [1st Dist.] 1981 orig. proceeding). A docket entry does not constitute a written order. See *McCormack v. Guillot*, 597 S.W.2d 345, 346 (Tex.1980). Taken as true, the allegations in Smith's affidavit conclusively demonstrate his inability to pay.

We note that the contest challenges Smith's failure to submit a sworn affidavit. However, section 132.001 of the Texas Civil Practice and Remedies Code permits inmates to file unsworn declarations that follow a prescribed form. A declaration that substantially complies with the statute is a proper substitute for an affidavit of inability to pay. See *Thomas v. Pankey*, 837 S.W.2d 826, 830 (Tex.App.—Tyler 1992, no writ). Smith's

---

1. There is no Rule 49(3) in the Texas Rules of Appellate Procedure. We assume that the clerk meant Rule 40(a)(3), which governs affidavits of inability to pay.

declaration complied in every respect with section 132.001.

 Mandamus is the appropriate remedy when a contest to an affidavit of inability to pay is improperly sustained. *Allred v. Lowry*, 597 S.W.2d 353, 354 n. 2 (Tex.1980). Pursuant to Texas Rule of Appellate Procedure 122, a majority of this Court, without hearing oral argument, directs that the trial court enter an order overruling the contest to Smith's affidavit of inability to pay costs. The writ will issue only if the trial court fails to comply.