Reversed and Remanded and Memorandum Opinion filed March 29, 2007








Reversed
and Remanded and Memorandum Opinion filed March 29, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00409-CV

____________

 

MICHAEL SCOTT, Appellant

 

v.

 

CORRECTIONAL OFFICER SMITH and

CORRECTIONAL OFFICER JOHN DOE,
Appellees

 

 



 

On Appeal from the
240th District Court

Fort Bend County, Texas

Trial Court Cause No.
02-CV-126907

 



 

M E M O R A N D U M   O P I N I O N

This is
an appeal from an order dismissing the case for want of prosecution. In a
single issue, appellant asserts that the trial court=s notice of its intention to dismiss
the case was inadequate. We reverse and remand. 








On
November 1, 2002, appellant, an inmate incarcerated in the Institutional
Division of the Texas Department of Criminal Justice, filed suit against
appellees for assault and battery. On January 18, 2005, the trial court
dismissed the suit for want of prosecution. Appellant did not file a motion to
reinstate the case. He filed a timely motion for new trial, however, which was
overruled by operation of law. Appellant then filed a pro se notice of appeal
and an affidavit of inability to pay costs on appeal.








Appellant
filed a pro se brief in which he raises a single issue asserting that the trial
court failed to give him adequate notice that his case was subject to
dismissal. The record contains the trial court=s notice to appellant that his case
was set on the civil dismissal docket for Thursday, December 16, 2004. The
notice advised appellant that if he wished to retain the case on the court=s docket, he was required to file a
motion to retain the case by 4:00 p.m. on the Tuesday immediately preceding the
date the case was set on the dismissal docket.[1]
The notice advised appellant that failure to file a response would result in
dismissal for want of prosecution. Appellant acknowledged in his brief that he
received the court=s notice.

Appellant
filed a timely motion to retain on December 13, 2004, the Monday before the
dismissal docket.[2] In addition,
he asserted that discovery had not been completed and he filed a comprehensive
discovery plan, setting a June 16, 2005, deadline for completion of discovery.
He certified that he forwarded a copy of the comprehensive discovery plan to
opposing counsel on November 22, 2004. Appellant complains the court=s notice was defective because it
failed to warn him that his case could be dismissed despite his taking the
steps outlined in the notice. He cites Villarreal v. San Antonio Truck &
Equipment, where the Texas Supreme Court held that a dismissal notice was
inadequate because it misled appellant to believe that if he complied with the
required action set out in the notice, his case would be retained on the docket.
994 S.W.2d 628, 630 (Tex. 1999).

We
review a trial court=s order of dismissal for want of prosecution under an abuse
of discretion standard. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex.
1997). A trial court abuses its discretion when it acts in an arbitrary and
unreasonable manner, or when it acts without reference to any guiding
principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991). A trial court has no discretion in determining what the law is or
applying the law to the facts. Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992). A clear failure by the trial court to analyze or apply the law
correctly will constitute an abuse of discretion. Id. 








A trial
court=s authority to dismiss for want of
prosecution stems from the express authority of rule 165a of the Texas Rules of
Civil Procedure as well as from the court=s inherent power to manage its own
docket. Villarreal, 994 S.W.2d at 630; 3V, Inc. v. JTS Enterprises,
Inc., 40 S.W.3d 533, 541 (Tex. App.CHouston [14th Dist.] 2000, no pet.).
A trial court may dismiss under Rule 165a on the Afailure of any party seeking
affirmative relief to appear for any hearing or trial of which the party had
notice,@ Tex.
R. Civ. P. 165a(1), or when a case is Anot disposed of within the time
standards promulgated by the Supreme Court . . . .@ Tex.
R. Civ. P. 165a(2). In addition, under the common law, the trial court
has the inherent power to dismiss independently of the rules of procedure when
a plaintiff fails to prosecute his or her case with due diligence. Villarreal,
994 S.W.2d at 630. 

A party
must be provided with notice and an opportunity to be heard before a court may
dismiss a case for want of prosecution under either Rule 165a or its inherent
authority. See Tex. R. Civ. P. 165a(1)
(ANotice of the court=s intention to dismiss and the date
and place of the dismissal hearing shall be sent by the clerk to each attorney
of record, and to each party not represented by an attorney . . . .@); General Elec. Co. v. Falcon
Ridge Apartments, Joint Venture, 811 S.W.2d 942, 943 (Tex. 1991). The
failure to provide adequate notice of the trial court=s intent to dismiss for want of
prosecution requires reversal. Villarreal, 994 S.W.2d at 630.

Appellees
respond to appellant=s assertion that the notice was inadequate by arguing that
the trial court acted within its discretion in dismissing the case because
appellant had not complied with the time guidelines set forth in the Texas
Rules of Judicial Administration, which require district and statutory county
judges to ensure that civil cases are tried or disposed within 18 months of the
appearance date. See Tex. R. Jud.
Admin. 6(b), reprinted in Tex.
Gov=t Code Ann.,
tit.2, subtit. F app.
(Vernon 2005). Appellant filed his petition in November 2002, appellees
answered in April 2003, and the case was dismissed in January 2005 for want of
prosecution. Appellees argue that Villarreal does not control because in
contrast to this case, there was no assertion in Villarreal that the
case should be dismissed for violation of the Texas Supreme Court time
standards. See Villarreal, 994 S.W.2d at 935, n.4. We reject appellees= contention. Although violation of
time standards was not urged in Villarreal, the Supreme Court noted that
Aadequate notice of the court=s intent to dismiss on this ground is
also required.@ Id. No such notice was provided in this case. 








Following
Villarreal, this court held in 3V, Inc. that a notice of
dismissal must specify the basis for the dismissal and inform a plaintiff if
the court is considering dismissal under the court=s inherent power for failure to
prosecute. 40 S.W.3d at 543 (citing Villareal, 994 S.W.2d at 632)
(holding trial court abused its discretion by invoking its inherent authority
to dismiss for failure to prosecute diligently after appellant complied with
the requirements of the dismissal notice). We found that the dismissal notice
in 3V, Inc. was indistinguishable from the notice in Villarreal. ALike the Villarreal order, it
notifies the plaintiff that only one act can remove the case from the dismissal
docket. In Villarreal, that one act was announcement of ready for trial;
here, that one act was the filing of a final order.@ 3V, Inc., 40 S.W.3d at 543.
Similarly, the notice in this case advised appellant that to retain his case on
the docket, he was required to file a motion to retain and a discovery plan, if
discovery had not been completed in his case. Appellant complied with the
notice.  Therefore, we hold the trial court=s notice was inadequate to advise
appellant that the case could be dismissed despite his compliance with the requirements
of the dismissal notice.

Courts
of appeal, including this court, have held that if a trial court conducts a
hearing on a motion to reinstate, an appellant=s due process rights are satisfied,
curing an insufficient notice of intent to dismiss. See, e.g., Polk v.
Southwest Crossing Homeowners Ass=n, 165 S.W.3d 89, 95 (Tex. App.CHouston [14th Dist.] 2005, pet.
denied) (holding that any notice error was cured because appellant ultimately
received notice and an opportunity to be heard in connection with her motion to
reinstate); Texas Sting, Ltd. v. R.B. Foods, Inc., 82 S.W.3d 644, 648
(Tex. App.CSan Antonio 2002, pet. denied) (holding that plaintiff was afforded his
due process rights because he received actual notice of the dismissal order in
time to file a motion to reinstate and a hearing was held on the motion);
Franklin v. Sherman I.S.D., 53 S.W.3d 398, 403 (Tex. App.CDallas 2001, pet. denied) (holding
that no harmful error is shown when a hearing on a motion to reinstate is held,
providing appellant an opportunity to satisfy the same burden of proof he would
have had before the order of dismissal was signed).








In this
case, appellant filed only a motion for new trial instead of a motion to
reinstate.[3] No hearing
was held on the motion, and it was overruled by operation of law. Appellant was
not afforded an opportunity to be heard. Thus, the trial court=s defective notice was not cured.

Accordingly,
we sustain appellant=s sole issue. We reverse the judgment of the trial court and
remand for further proceedings.

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed March
29, 2007.

Panel consists of Chief Justice Hedges and Justices
Fowler and Edelman. 

 









[1]  Specifically, the court=s notice stated the following:

 

Court records of the 240th Judicial District Court in
Richmond, Fort Bend County, Texas, indicate that you are an attorney of record
or a party pro se in the civil case listed above. Judge Tomas R. Culver, III,
has set the case on the CIVIL DISMISSAL DOCKET for December 16, 2004, at
9:00 a.m. in the 240th District Courtroom. If you wish to retain said case on
the Court=s docket, ACTION on your part is required as
follows:

 

1.         CASE CURRENTLY SET FOR
HEARING: File a sworn Motion to Retain stating the date of the current
setting for the case; or

2.         DISCOVERY COMPLETED, CASE
NOT YET SET FOR HEARING/TRIAL: File a sworn Motion to Retain
certifying that:

a.          Discovery is completed,

b.         Settlement attempts were
unsuccessful,

c.         The case is ready for trial,
and

d.         Your estimate as to the length
of time for trial of the case in chief; or

3.         DISCOVERY NOT COMPLETED: File
a sworn Motion to Retain AND a proposed Comprehensive Discovery Plan,
which Plan must specifically calendar any remaining discovery. You are required
to contact opposing counsel, if any, prior to filing such Plan. The Court will
approve such Plan on submission on the date set out above, subject to any
necessary modifications, which will be heard at a later date.

 

Any document required to be filed by you must be filed
with the Fort Bend County District Clerk by 4:00 p.m. on the Tuesday
immediately preceding the date set out above for the Dismissal Docket. The
Court will consider all such documents timely filed and in compliance with
these required actions on a submission basis without your appearance being
necessary at the call of the Dismissal Docket. Late-filed documents will be
considered at the time and date set for the Dismissal Docket. Failure to file
any document required herein will result in said case being DISMISSED FOR
LACK OF PROSECUTION.

(emphasis in original).





[2]  The motion to retain is unsworn, but it is signed
under Apenalty of perjury.@
Inmates are permitted to satisfy verification and affidavit requirements by
substantially complying with the requirements for an unsworn declaration. Tex. Civ. Prac. & Rem. Code Ann. ' 132.001 (Vernon 2005) (permitting inmates to
substitute unsworn declarations subscribed under penalty of perjury in place of
affidavits); Smith v. McCorkle, 895 S.W.2d 692, 692 (Tex. 1995). 





[3]  Unlike a motion to reinstate, a trial court is not
required to conduct a hearing on a motion for new trial. See Tex. R. Civ. P. 165a(3) (AThe clerk shall deliver a copy of the motion [to
reinstate] to the judge, who shall set a hearing on the motion as soon as
practicable.@); Tex. R. Civ.
P. 329b(c) (permiting motions for new trial to be Adetermined@ by
written order or overruled by operation of law).