

## NUMBER 13-11-00446-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**ARCADE JOSEPH COMEAUX JR.,**                                    **Appellant,**

**v.**

**TDCJ-ID, ET AL.,**                                             **Appellees.**

---

### On appeal from the 12th District Court
### of Walker County, Texas.

---

## MEMORANDUM OPINION[1]

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

Pro se appellant Arcade Joseph Comeaux Jr., an indigent inmate at the Texas

Department of Criminal Justice, Institutional Division (TDCJ–ID), appeals from an order

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

signed on April 8, 2011 and modified and clarified on March 14, 2012. By five issues, Comeaux contends the trial court erred when it: (1) failed to apply the law-of-the-case doctrine to his original-petition claims; (2) concluded that he had dismissed all original-petition claims and defendants; (3) dismissed his federal section 1983 claims under chapter 14 of the Texas Civil Practice and Remedy Code; (4) failed to consider and rule on pending motions; and (5) denied his request for an attorney at a pre-trial hearing. We affirm.

## I. Background[2]

On July 15, 2002, Comeaux filed his original petition against the TDCJ–ID, the University of Texas Medical Branch/Correction Managed Health Care (UTMB/CMHC), and more than thirty individuals, including Sergeant Nixon, Sergeant Cleveland, and Sergeant Briones. In this petition, Comeaux asserted denial of access to the courts, retaliation, and excessive use of force based on an incident that allegedly occurred on February 11, 2002. With his original petition and pursuant to chapter 14 of the civil practice and remedies code, Comeaux filed a declaration of his previous filings, a declaration stating the dates he filed his step-one and step-two grievances, the dates he received the written decisions on his grievances, and copies of written decisions from the grievance system. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004–.005 (West 2002 & Supp. 2011). Nonetheless, the trial court dismissed Comeaux's suit with prejudice under chapter 14, apparently determining that Comeaux did not timely file his claim. *See id.* §

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

14.005(b).

Comeaux appealed to the Fourteenth Court of Appeals,[3] and on November 8, 2005, that court issued its memorandum opinion, concluding that Comeaux had complied with section 14.005(b) of the civil practice and remedies code when he filed his original petition before the thirty-first day after he received his written decision from the grievance system on this grievance. *Comeaux v. Tex. Dep't of Crim. Justice, Inst. Div.*, No. 14-02-01283-CV, 2005 Tex. App. LEXIS 9257, at *3–6 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (mem. op.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). The Fourteenth Court reversed and remanded the case to the trial court for further proceedings. *Comeaux,* 2005 Tex. App. LEXIS 9257, at *6.

After remand, Comeaux filed a motion for partial dismissal of his claims and defendants. In his motion, Comeaux set out the following: "there were [sic] no ruling on the merits and because the plaintiff is seeking relief on several defendants in federal court, plaintiff, respectfully, motion [sic] the court for a voluntary dismissal without prejudice of the following defendants and claims against them." After listing twenty-nine defendants, Comeaux specifically requested "that all of the . . . claims be dismissed with the above defendants except for those stated in the amended and supplemental [petition]." Comeaux also asked "the court to dismiss all the defendants 1-29 from the [petition] and all claims."

That same day, January 24, 2006, Comeaux filed an "amending and

---

[3] Appeals from Walker County were taken to the Fourteenth Court of Appeals at that time. Now, appeals from Walker County are to the Tenth Court of Appeals in Waco, Texas. As noted earlier, the supreme court transferred the present appeal from the Tenth Court to this Court.

supplemental" petition. In his 2006 petition, Comeaux alleged three complaints based on a new occurrence that allegedly occurred during a five-day period either in June or in July 2001 or 2002 at the Huntsville Memorial Hospital Intensive Care Unit. This 2006 petition contained no declaration of previous filings. And Comeaux did not attach any grievance process documentation or any other chapter 14 documentation regarding the alleged grievance upon which this 2006 petition was based.

Finally, on April 23, 2008, at 10:00 a.m., Comeaux filed two "amending and supplemental" petitions. One petition was identical to Comeaux's 2006 petition, except that the date of the alleged incident had been deleted. The second petition filed on April 23, 2008, complained of the events that allegedly occurred on February 11, 2002. Comeaux included general language regarding grievance proceedings, but he did not attach any chapter 14 documentation.

According to Comeaux, a visiting judge presided over a hearing that was held on April 28, 2008. Comeaux and the defendants, through the Attorney General's office, were present. The following April 28 entry appears on the docket sheet:

> Pl and Def by Atty Gen. present—Dismiss Held: Dismiss 29 —Sec Fed 1983 Claim—Def's from Original Suit—Per request of Pl/A.G. to draw dismissal order—Leave Tort Claim Act pending ag. Def's Mrs. Demetrie Phipps; Liza Harris, Frank Hoke, Robert Quada, Capt D. Laca, Sgt's Sutton, (name illegible) & Asset Committee—, Betty Nixon, FNU Cleveland, Sgt. Brionni—Atty Gen. ordered to determine if listed def's (above) want to be represented by A.G.—file answer or notice of inability to locate w/l 60 days (on or before 6/27/08 (or last known address). [Signature and initials illegible.]

Three years later, on April 8, 2011, the trial court entered its written order finding Comeaux had voluntarily dismissed the complaints in his 2002 petition because he was

4

filing his claims in federal court. The trial court also found that Comeaux's January 24, 2006 amended petition was based on a new occurrence and that, among other things, Comeaux failed to comply with the requirements of chapter 14. Therefore, the trial court dismissed his cause of action. Comeaux appealed from the trial court's dismissal order.

On January 30, 2012, we abated the appeal and requested that the trial court clarify its April 8, 2011 order, which did not reference Comeaux's April 23, 2008 petitions. On March 14, 2012, the trial court entered its clarifying and modifying order. The court again found that Comeaux had dismissed the claims in his original July 15, 2002 petition in order to pursue them in federal court. The trial court also found that Comeaux dismissed all of the defendants, although it acknowledged that Comeaux named Nixon, Cleveland, and Briones as defendants in both the original petition and in the 2006 petition. Finally, the March 14, 2012 order again dismissed all claims in Comeaux's 2006 amended petition and, for the first time, dismissed all claims in Comeaux's 2008 supplemental petitions. The trial court described all 2006 and 2008 claims as new claims and dismissed them for the following reasons: (1) failure to exhaust administrative remedies; (2) failure to provide an appropriate affidavit of previous filings; (3) failure to file the claims within thirty-one days of the completion of any grievance proceeding; and (4) failure to file the claims within the period of limitation.

## II. STANDARD OF REVIEW

We review a dismissal of an inmate's lawsuit under an abuse of discretion standard. *Harrison v. Tex. Dep't of Crim. Justice, Inst. Div.*, 164 S.W.3d 871, 874 (Tex. App.—Corpus Christi 2005, no pet.); *see Thomas v. Knight*, 52 S.W.3d 292, 295 (Tex.

5

App.—Corpus Christi 2001, pet. denied) ("[A] dismissal for failure to comply with the conditions set out in section 14.004 is not a dismissal on the merits, but rather an exercise of the trial court's discretion under chapter 14 of the civil practice and remedies code."). Abuse of discretion is determined by examining whether or not the trial court acted without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). In other words, a trial court abuses its discretion if it acts arbitrarily or unreasonably. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex. 1984).

### III. LAW-OF-THE-CASE DOCTRINE

By his first issue, Comeaux contends that the trial court erred when it dismissed the complaints in his original petition for non-compliance with chapter 14 because the law-of-the-case doctrine applied. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004–.005. He asserts that the trial court's dismissal of the claims in his original petition violated the law-of-the-case doctrine—that law being the Fourteenth Court of Appeals' holding that Comeaux had complied with chapter 14. *See Comeaux,* 2005 Tex. App. LEXIS 9257, at *3–6.

The law-of-the-case doctrine is "that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006) (citing *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986)). "The [law-of-the-case] doctrine applies if the facts in the second [stage] are substantially the same as in the first . . . or so nearly the same that they do not materially affect the legal issues involved in

6

the second [stage]. . . ."   *City of Dallas v. Cornerstone Bank, N.A.,* 879 S.W.2d 264, 268 (Tex. App.—Dallas 1994, no writ).

In this case, the law-of-the-case doctrine would have applied if, after remand, the trial court had dismissed Comeaux's original-petition claims for non-compliance with chapter 14.  However, the trial court did not do so.  Instead, after remand from the Fourteenth Court and after Comeaux had filed his dismissal motion and his 2006 petition, the trial court found that Comeaux had dismissed the claims in his original petition and all defendants in order to pursue those claims in federal court.  The trial court based its finding on Comeaux's motion for partial dismissal of claims and defendants, his 2006 amended petition naming three defendants from the original petition but asserting only new claims against them, the April 28, 2008 docket sheet entry, and rules of civil procedure 64 and 65, which address the amendment and substitution of pleadings.   *See* TEX. R. CIV. P. 64, 65.  The trial court did not base its finding, as to the claims in the original petition, on non-compliance with chapter 14.  Therefore, the law-of-the-case doctrine does not apply under these facts.

Comeaux also argues that there was no new evidence that significantly changed the record with regard to chapter 14 compliance, and "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."   *See Arizona v. California*, 460 U.S. 605, 618 (1983).  However, the Fourteenth Court of Appeals found that Comeaux had complied with sections 14.004 and 14.005 with respect to claims asserted in his original petition.   *Comeaux,* 2005 Tex. App. LEXIS 9257, at *3–6.  The Houston Court did not make any such finding as to

7

Comeaux's 2006 petition or his 2008 petitions, which Comeaux had not yet filed. The facts changed with regard to whether Comeaux met the filing requirements for these petitions. Therefore, we also conclude that the law-of-the-case doctrine does not apply to the later-filed petitions because the facts in this second stage of the case are not substantially the same as in the first; instead, the facts changed such that they materially affected the legal issues involved in the second stage.[4] *See Cornerstone Bank,* 879 S.W.2d at 268. Therefore, we are not persuaded by Comeaux's no-new-evidence argument.

We overrule Comeaux's first issue.

### IV.  ORIGINAL-PETITION CLAIMS AND DEFENDANTS

By his second issue, Comeaux contends that the trial court erred in determining that he dismissed all of his original-petition claims and defendants. Comeaux argues that, instead, the April 28, 2008 docket entry controls the disposition of the case or, at least, provides support for his argument that he only dismissed his 1983 claims and some of the defendants in his original petition. We disagree.

"A docket entry does not constitute a written order." *Smith v. McCorkle*, 895 S.W.2d 692, 692 (Tex. 1995) (orig. proceeding) (per curiam). Furthermore, a docket sheet entry "cannot contradict or take the place of a written order or judgment." *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (citing *Smith*, 895 S.W.2d at 692).

---

[4] In accordance with rule 38.1(i) of the Texas Rules of Appellate Procedure, we will only consider contentions that are supported by clear and concise arguments with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). Comeaux presents other arguments in support of this issue. However, these contentions are not supported by citation to the record or to authority. *See id.* Therefore, they are inadequately briefed, and we will not address them.

Aside from the docket sheet, there is nothing before us to suggest Comeaux dismissed only his 1983 claims and not his tort claims when he filed his motion to dismiss. Comeaux's own motion to dismiss sought to dismiss twenty-nine defendants and all claims, except for those stated in his subsequently-filed petition. We have no reporter's record from the April 28 hearing to guide us. And, in this case, there is a written order from which the appeal was taken. The trial court found in its written order of April 8, 2011 and in its modifying and clarifying order of March 14, 2012, that Comeaux dismissed all claims in his original petition in order to pursue them in federal court.

Finally, even were we to conclude that Comeaux did not voluntarily dismiss all claims against all defendants in his motion for partial dismissal, Comeaux "effectively nonsuit[ed] or voluntarily dismiss[ed]" any claims omitted from his dismissal motion when he amended his petition in 2006.[5] The 2006 petition, which replaced the 2002 petition, did not include any cause of action from the original petition. *See FKM P'ship, Ltd., v. Bd. of Regents of Univ. of Houston*, 255 S.W.3d 619, 632 (Tex. 2008); *see also* TEX. R. CIV. P. 64, 65 (providing that amended pleadings supplant earlier pleadings); *J.M. Huber*

---

[5] The trial court's order referred to Comeaux's 2006 petition as an amended petition. On appeal, Comeaux also refers to this petition as an amended petition. Based on our review of the record, we agree that the substance of Comeaux's 2006 petition was that of an amended petition. *See generally* TEX. R. CIV. P. 64 ("Amended Instrument"); *id.* at R. 65 ("Substituted Instrument Takes Place of Original"); *id.* at R. 69 ("Supplemental Petition or Answer"); *id.* at R. 71 ("Misnomer of Pleading"); *id.* at R. 80 ("Plaintiff's Supplemental Petition"); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (providing that a court looks to the substance of a pleading for relief, not merely the title, to determine the nature of a pleading); *see also Jarvis v. Feild*, 327 S.W.3d 918, 925 (Tex. App.—Corpus Christi 2010, no pet.) ("While we have compassion for the plight of the pro se litigant attempting to follow the rules of legal procedure and substantive law, and therefore construe pro se pleadings and briefs liberally, we must still hold appellant to the same standard as a licensed attorney, requiring that he follow those same rules and laws . . . . To do otherwise would give a pro se litigant an unfair advantage over a litigant represented by counsel."). The 2006 petition did not supplement the causes of action included in Comeaux's original petition; neither did the 2006 petition elaborate on the original petition's allegations. *See* TEX. R. CIV. P. 69 (providing for supplemental petitions). Further, the 2006 petition did not contain supplemental claims challenging any ground for dismissal urged by the State in response to the original petition. *See id.* Therefore, we, too, conclude that the 2006 petition amended and replaced Comeaux's original petition. *See id.* at R. 65.

9

*Corp. v. Santa Fe Energy Res.*, 871 S.W.2d 842, 844 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("An amended petition also supersedes all prior petitions and operates to dismiss parties and causes of action to the extent they are omitted from the amended pleading.").

We may not presume that Comeaux dismissed only his federal claims when the record does not support such a presumption. We conclude that the trial court did not abuse its discretion—it did not act arbitrarily or unreasonably—when it determined that Comeaux had voluntarily dismissed all of this claims. *See Harrison*, 164 S.W.3d at 874; *see also Downer*, 701 S.W.2d at 241–42; *Smithson*, 665 S.W.2d at 443. We overrule Comeaux's second issue.

## V. DISMISSAL OF FEDERAL SECTION 1983 CLAIMS UNDER CHAPTER 14

By his third issue, Comeaux asserts that the trial court erred when it dismissed his federal claims, if any, under chapter 14 because that state statute does not apply to federal claims. Well-established law, however, provides otherwise.

"States may apply their own neutral procedural rules to federal claims, unless those rules are pre-empted by federal law." *Thomas v. Bush*, 23 S.W.3d 215, 217–18 (Tex. App.—Beaumont 2000, pet. denied) (citing *Howlett v. Rose*, 496 U.S. 356, 372 (1990)). Section 1983 claims brought in federal court by inmates litigating in forma pauperis are subject to substantially similar requirements as those imposed by chapter 14. *Id.* Comeaux points us to no relevant federal law pre-empting chapter 14, and we find none. And Texas appellate courts often dismiss section 1983 claims pursuant to chapter 14. *See id.*; *see also Miles v. Tex. Dep't of Crim. Justice*, No. 13-02-461-CV,

10

2004 Tex. App. LEXIS 7259, at *4 (Tex. App.—Corpus Christi Aug. 12, 2004, no pet.) (mem. op.) (holding "that because appellant failed to state an actionable section 1983 claim, the trial court did not abuse its discretion in dismissing this claim under chapter 14 of the Texas Civil Practice and Remedies Code"); *Williams v. Tex. Dep't of Crim. Justice Inst. Div.*, No. 14-01-00646-CV, 2002 Tex. App. LEXIS 5808, at *4–5 (Tex. App.—Houston [14th Dist.] Aug. 8, 2002, pet. denied) (mem. op.) (concluding that the "application of Chapter 14 to appellant's section 1983 suit is neither arbitrary nor capricious, and does not violate the Supremacy Clause" and dismissing section 1983 claims because plaintiff's affidavit of prior suits did not satisfy section 14.004); *Willingham v. Irons*, No. 09-99-00368-CV, 2000 Tex. App. LEXIS 1001, at *2–3 (Tex. App.—Beaumont Jan. 21, 2000, no pet.) (per curiam) (mem. op.) (dismissing plaintiff's section 1983 claims for violation of chapter 14 when "[n]othing in the text of Section 1983 indicates that a suit brought under that section cannot be subject to a state-imposed requirement of exhaustion of administrative remedies"). As the law provides, the requirements of chapter 14 do not conflict with section 1983. *See Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 939–40 (Tex. App.—Fort Worth 1997, pet. denied); *see also Vaughn v. Hicks*, No. 14-08-00726-CV, 2009 Tex. App. LEXIS 2710, at *3 (Tex. App.—Houston [14th Dist.] Apr. 16, 2009, pet. denied) (per curiam) (mem. op.). We conclude the trial court did not err when it dismissed Comeaux's federal claims, if any, under chapter 14. Accordingly, we overrule Comeaux's third issue.[6]

---

[6] Comeaux presents additional arguments in support of this issue. However, like his first issue, these contentions are not supported by citation to the record or to authority. TEX. R. APP. P. 38.1(i). Therefore, they are inadequately briefed, and we will not address them.

## VI. PENDING MOTIONS

By his fourth issue, Comeaux contends that, after remand, the trial court abused its discretion when it dismissed his claims without considering and ruling on motions that had been pending for over five years. Comeaux claims that by disregarding all motions, the trial court violated its ministerial duty and denied him due course and due process of law.

A trial court has a ministerial duty to consider and rule on a motion within a reasonable time. *See In re Bonds*, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding). An official violates this duty when it fails to perform a ministerial act. *In re Bailey*, 975 S.W.2d 430, 432 (Tex. App.—Waco 1998, orig. proceeding). Comeaux relies on this authority. However, considering the facts of this case and our analysis above, these propositions of law provide no support for this issue.

We have concluded that the trial court correctly determined that Comeaux dismissed certain claims in order to pursue them in federal court and that he effectively dismissed his remaining original-petition claims when he omitted those claims from his amended petition. We have also concluded that Comeaux's federal claims could be dismissed under chapter 14. In addition, the law-of-the-case doctrine does not apply to claims made in Comeaux's original petition. Moreover, we cannot conclude that the trial court arbitrarily dismissed the claims that Comeaux brought in his 2006 and 2008 petitions. To the extent Comeaux is attempting to challenge the court's dismissal order in that regard, the trial court acted with reference to guiding rules and principles. *See Downer*, 701 S.W.2d at 241–42; *Smithson*, 665 S.W.2d at 443; *see also Knight*, 52 S.W.3d at 295. It dismissed those claims on the basis that Comeaux failed to comply

12

with chapter 14 and on the basis that he failed to file the claims within the correct period of limitation. Thus, we conclude that the trial court did not abuse its discretion in dismissing Comeaux's 2006 and 2008 claims. *See Harrison*, 164 S.W.3d at 874.

Because we have concluded that the trial court's dismissal of Comeaux's claims was not an abuse of discretion, its failure to consider Comeaux's motions was also not an abuse of discretion. *See Nabelek v. Dist. Attorney of Harris County*, 290 S.W.3d 222, 232–33 (Tex. App.—Houston [14th Dist.] pet. denied); *see also Lagaite v. Livingston*, No. 03-07-00067, 2008 Tex. App. LEXIS 7478, at *5–6 (Tex. App.—Austin, Aug. 27, 2008, no pet.) (mem. op.) (concluding that because it had determined "that the trial court did not abuse its discretion in dismissing Lagaite's suit as frivolous, the trial court had no obligation to rule on Lagaite's pending motion"); *Garrett v. Nunn*, No. 07-06-0428-CV, 2007 Tex. App. LEXIS 8674, at *8–9 (Tex. App.—Amarillo Oct. 31, 2007, no pet.) (mem. op.) ("[B]ecause we have found that the trial court's dismissal of Garrett's complaint was not an abuse of discretion, its failure to consider Garrett's motions was also not an abuse of discretion . . . ."). The trial court had no obligation to rule on the motions. *See Nabelek*, 290 S.W.2d at 232–33. Additionally, while the record contains numerous motions filed by Comeaux, those motions were effectively denied when the trial court dismissed Comeaux's suit. *See id.* at 233. We overrule Comeaux's fourth issue.

**VII. REQUEST FOR APPOINTMENT OF COUNSEL AT THE APRIL 28, 2008 HEARING**

Comeaux asserts, by his fifth issue, that the trial court erred when it denied his request for an attorney to assist him at the April 28, 2008 pre-trial motion hearing. Comeaux complains that "[t]he trial court had no idea what was going on or what was

13

being said" and "that a 3 hour recess did nothing to clarifying [sic] the hearing's agenda and process."   He further alleges that his claims are even more compelling because,

> [a] criminal act and serious ethical violations may have occurred and that Comeaux's rights to a fair and impartial trial may have been violated by the defendants['] attorneys whom [sic] either committed perjury to delay the trial court from ruling on Comeaux's motion and/or fraudulently represented defendants' interest in the case without permission, open[ed] legal mail without authorization, falsely filed motions and briefs on behalf of . . . defendants they did not have permission to represent, which cause[d] documents to be destroyed, evidence to be destroyed favorable to the plaintiff through fraudulent representation that did deprive appellant of his right to due course and due process of law . . . as well as right to a fair and impartial trial.

While the Sixth Amendment to the United States Constitution grants an indigent criminal defendant the right to counsel, that right does not apply to civil cases.   *See Turner v. Rogers*, 131 S. Ct. 2507, 2515–20 (2011).   Instead, with only rare exceptions, a party is not entitled to court-appointed counsel in a civil case.   *Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003).   In addition, "[t]he mere fact that an indigent inmate brings a cause of action against an employee of the prison in which the inmate is incarcerated does not constitute exceptional circumstances such that it warrants appointed counsel"; an inmate suit against prison personnel is common, rather than rare and unusual.   *Id.* at 713.

The Texas Supreme Court has determined, however, that a trial court has discretion to appoint counsel to an indigent civil litigant in some "exceptional cases" where "the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996).   In such a case,

14

there is a presumption that an indigent litigant has a right to appointed counsel, but only when, if he loses, he may be deprived of his physical liberty. *See Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25–27 (1981). We review the trial court's refusal to appoint counsel under an abuse of discretion standard. *See, generally, Gibson*, 102 S.W.3d at 712–13.

As explained in *Gibson,* Comeaux's inmate lawsuit is common. *See* 102 S.W.3d at 711. It is not rare and unusual. *See id.* The mere fact that Comeaux brought suit against the prison and its employees does not constitute exceptional circumstances. *See id.* Therefore, under *Gibson*, Comeaux's circumstances did not warrant appointed counsel.

We are not unsympathetic to Comeaux's allegations regarding the complexity of the case, its extensive litigation process, and the alleged actions of defense counsel and the trial court. Nonetheless, we decline to conclude that Comeaux's case is exceptional because Comeaux provides no record citations in support of his assertions, *see* TEX. R. APP. P. 38.1(i); *Travelers Indem.*, 923 S.W.2d at 594, and there is no reporter's record from the April 28, 2011 hearing for our review. In addition, as appellees point out, Comeaux did not request findings of fact and conclusions of law. *See Pedraza v. Crossroads Sec. Sys.*, 960 S.W.2d 339, 341 (Tex. App.—Corpus Christi 1997, no writ). Therefore, we have no basis from which to determine whether this is an exceptional case where the administration of justice would have been served by appointing a lawyer to represent Comeaux at this hearing. *See Mayfield*, 923 S.W.2d at 594. In addition, Comeaux is already incarcerated so there is no chance that the trial court's failure to

15

appoint counsel would have resulted in his loss of liberty. *See Lassiter,* 452 U.S. at 25–27.

We conclude that the trial court did not abuse its discretion when it denied Comeaux's request for an attorney at the April 28, 2008 pre-trial motion hearing. We overrule Comeaux's fifth issue.

## VIII. CONCLUSION

We affirm.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 31st
day of January, 2013.