**AFFIRM; Opinion Filed June 26, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01588-CV**

**BRIAN A. SMALE, Appellant**
**V.**
**JOHN STANLEY SMALE, Appellee**

**On Appeal from the Collin County Probate Court**
**Collin County, Texas**
**Trial Court Cause No. PB1-0158-2012**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Brian A. Smale appeals from the trial court's rulings in this suit brought by appellant's father, John Stanley Smale. Appellant brings two issues contending the trial court erred (1) by concluding it had jurisdiction over the case; and (2) by concluding appellant "was legally obligated to inform and account Appellee John Smale's finances to Appellee John Smale." We affirm the trial court's judgment.

## BACKGROUND

Appellee is a retired physician. He placed many of his assets into trusts with himself as trustee and himself and his wife as beneficiaries. After appellee's wife died, appellant became a co-trustee with appellee, and appellee executed a power of attorney naming appellant his agent and attorney in fact. Appellee alleged appellant then harassed and abused appellee, forced appellee to move from his home, and took appellee's vehicle. Appellee also alleged appellant

obtained exclusive control of appellee's assets and sources of income other than appellee's social security payments and two bank accounts. Appellee alleged he executed a revocation of the power of attorney and then demanded an accounting from appellant concerning appellee's and the trusts' assets. Appellee brought suit alleging breach of fiduciary duty and seeking an accounting. Appellee also moved for a temporary restraining order enjoining appellant from disposing of any assets of appellee or the trusts. Appellant filed a response disputing many of appellee's factual assertions. Appellant did not allege any causes of action, but the prayer to his response included requests for sanctions against appellee's attorney "for knowingly filing false pleadings"; for an award of costs, attorney's fees, and "lost wages or compensation for vacation days expended from work to defend this frivolous lawsuit"; that appellee undergo a mental capacity assessment; and that appellant be appointed appellee's guardian if appellee is found incompetent.

The case was set for trial on September 26, 2012. On that day, appellee filed a motion to nonsuit his petition, and the trial court entered an order "that the cause be nonsuited without prejudice." Appellant then filed a motion for new trial asserting that the trial court's order granting nonsuit did not contain language dismissing the case or awarding appellant his costs. The motion also stated that the court "has discretion not to sign an order of dismissal after a motion to nonsuit if a defendant, prior to the notice of nonsuit, filed pleadings seeking some form of affirmative relief." On November 12, 2012, the trial court entered an order stating that the September 26, 2012 order was intended to be a final resolution of all issues in the case, stating that a question of the finality of the September 26, 2012 order had arisen, ordering the case nonsuited without prejudice, and ordering that all relief not granted in this order or the September 26, 2012 order be denied.

## JURISDICTION

In his first issue, appellant contends the trial court erred by concluding it had jurisdiction over appellee's original petition.  Appellant argues the probate court lacked jurisdiction because the court's jurisdiction is limited to matters in which the controlling issue is the settlement, partition, or distribution of an estate.  However, section 4G of the Probate Code specifically provides the probate court with jurisdiction over:

(1) an action by or against a trustee;

(2) an action involving an inter vivos trust, testamentary trust, or charitable trust;

(3) an action against an agent or former agent under a power of attorney arising out of the agent's performance of the duties of an agent; and

(4) an action to determine the validity of a power of attorney or to determine an agent's rights, powers, or duties under a power of attorney.

TEX. PROB. CODE ANN. § 4G (West Supp. 2012).  Subsections (2) and (3) provided the trial court with jurisdiction over appellee's suit against appellant involving the trusts and appellant's actions as agent under a power of attorney.  Subsection (1) provided the court with jurisdiction to the extent the suit involved appellant's actions as co-trustee.

We conclude the trial court properly determined it had jurisdiction over the cause.  We overrule appellant's first issue.

## TRIAL COURT'S ORDERS

In his second issue, appellant contends the trial court erred by concluding appellant was legally obligated "to inform and account Appellee['s]" finances to appellee.  The record on appeal, however, contains no indication that the trial court required appellant to "inform and account" to appellee about appellee's finances.  "[W]e do not consider factual assertions that appear solely in briefs and are not supported by the record." *Unifund CCR Partners v. Weaver,* 262 S.W.3d 796, 797 (Tex. 2008) (per curiam) (quoting *Marshall v. Hous. Auth.*, 198 S.W.3d

782, 789 (Tex. 2006)); *see* TEX. R. APP. P. 38.1(g), (i) (requiring the brief's statement of facts and argument be supported by citations to the record).

Appellant also asserts the trial court ordered appellant "to deliver gold, silver, and car title to be delivered to a joint safety deposit box, and contents not to be removed without joint written agreement or court order." Appellee agrees that the court entered a "bench order" to that effect. The only written record of this order, if any, is a notation on the case jacket, similar to a docket-sheet order. *See Smith v. McCorkle*, 895 S.W.2d 692, 692 (Tex. 1995) (orig. proceeding) (per curiam) ("A docket entry does not constitute a written order."); *Ashton Grove L.C. v. Jackson Walker L.L.P.*, 366 S.W.3d 790, 795 (Tex. App.—Dallas 2012, no pet.) ("In general, a docket entry forms no part of the record that may be considered."). However, even if such an order was issued, the trial court's granting the nonsuit of the case and denial of all relief vitiated the interlocutory order, rendering it moot and unappealable. *See Gen. Land Office of State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990) (nonsuit automatically dissolved an interlocutory temporary injunction rendering moot the pending appeal of the temporary injunction).

We overrule appellant's second issue.

### CONCLUSION

We affirm the trial court's judgment.

121588F.P05

/Lana Myers/
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRIAN A. SMALE, Appellant

No. 05-12-01588-CV      V.

JOHN STANLEY SMALE, Appellee

On Appeal from the Probate Court, Collin County, Texas
Trial Court Cause No. PB1-0158-2012.
Opinion delivered by Justice Myers.
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JOHN STANLEY SMALE recover his costs of this appeal from appellant BRIAN A. SMALE.

Judgment entered this 26th day of June, 2013.

/Lana Myers/
LANA MYERS
JUSTICE