# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00244-CV

**Richard Witt Duncan, Appellant**

**v.**

**Prewett Rentals Series 2 752 Military, LLC; Tami Jan, Ward Galbreath, Sumit Kapoor, Rachel Kapoor, Nakul Jeirath, Tasha Jeirath, Mark L. Reis, Janis R. Reis, Charles A. Bess, Jr., Dancee D. Bess, Christopher Bellshaw, Catherine Bellshaw, Santos S. Salinas, and Debra Salinas, Appellees**

### FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
### NO. C2018-15744D, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Richard Witt Duncan filed in the trial court an unopposed motion for interlocutory appeal, pursuant to Texas Rule of Civil Procedure 168 and Texas Civil Practice and Remedies Code Section 51.014(d)-(f). The trial court clerk's office forwarded that motion to the Clerk of this Court, and it was mistakenly docketed as a new appeal. Duncan informed the Court by letter that the document received by this Court was his motion seeking permission from the trial court to petition this Court for permission to appeal the trial court's interlocutory order. Duncan also informed the Court that a hearing was set for June 3, 2021, on his motion. The Court has since been informed that the hearing was conducted and the trial court stated its intent to grant the motion. To date, no order granting permission to appeal has been received by this Court.

This Court's jurisdiction is limited to appeals in which there exists a final judgment or other appealable order that has been signed by a judge. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *see also* Tex. Civ. Prac. & Rem. Code § 51.012. The time for perfecting an appeal in a civil case runs from a signed judgment or order, not an oral rendition or a docket entry.[1] *See* Tex. R. App. P. 26.1; *see, e.g.*, *Smith v. McCorkle*, 895 S.W.2d 692 (Tex. 1995) (orig. proceeding) (per curiam) ("A docket entry does not constitute a written order."). Accordingly, in some cases, after providing 10 days' notice to the parties, we may dismiss an appeal for want of jurisdiction in the absence of a signed, written order. *See* Tex. R. App. P. 42.3(a); *see also, e.g.*, *Cobb v. Campbell*, No. 03-20-00037-CV, 2020 WL 828652, at *1 (Tex. App.—Austin Feb. 20, 2020, no pet.) (mem. op.); *In re X.M.P.*, No. 05-18-01416-CV, 2019 WL 180698, at *2 (Tex. App.—Dallas Jan. 14, 2019, no pet.) (mem. op.) (dismissing without prejudice to filing new notice of appeal after trial court signs judgment); *see also Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied) (explaining that appellate courts are not required "to docket and hold an appeal open until there is an appealable judgment or order at some future date").

However, in an appropriate case, we may abate the appeal and remand the case to the trial court for entry of a signed, written order. *See, e.g.*, *Davidson v. Davidson*, No. 03-19-00542-CV, 2019 WL 7042942, at *1 (Tex. App.—Austin Dec. 20, 2019, order) (per curiam); *O'Kroley v. Sherwin-Williams Co.*, No. 11-17-00339-CV, 2018 WL 2212950, at *1 (Tex.

---

[1] In the case of a permissive appeal, the petition for permission to appeal must be filed in the court of appeals within 15 days after the order to be appealed is signed or within 15 days from the date that the trial court signs an amended order allowing appellant to petition the court of appeals for permission to appeal. *See* Tex. R. App. P. 28.3(c).

App.—Eastland May 10, 2018, order) (per curiam). In this case, the record reflects that Duncan has sought permission to appeal and we have been informed the trial court has conducted a hearing and rendered an oral ruling on Duncan's motion.

Accordingly, we abate the appeal and remand the case to the trial court to allow additional time for preparation and signing of the order.[2] A supplemental clerk's record containing the trial court's order, or, if no order has been signed, a joint status report from the parties shall be filed with this Court no later than July 26, 2021. *See* Tex. R. App. P. 34.5(c)(1). If a supplemental clerk's record containing an order allowing Duncan to petition this Court for permission to appeal or a status report is not filed in this Court by July 26, 2021, we may dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

It is so ordered on June 25, 2021.

Before Justices Goodwin, Triana, and Kelly

Abated and Remanded

Filed: June 25, 2021

---

[2] We note that in the absence of a signed judgment or appealable order, the trial court retains its plenary power. *See* Tex. R. Civ. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment has been signed."). This Court retains jurisdiction to consider our jurisdiction over this appeal. *See In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (holding that once notice of appeal, whether timely or untimely, is delivered to trial-court clerk for filing, "any further determination concerning appellate jurisdiction must be made by the appellate court"). If an order is signed by the trial court allowing Duncan to petition this Court for permission to appeal, we will allow Duncan the time period provided by Texas Rule of Appellate Procedure 28.3(c) to file his petition for permission to appeal.