# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00541-CV

**Wylie Cavin and Lillian Cavin, Appellants**

**v.**

**Kristin Abbott and William Abbott, Appellees**

---

**FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY,
NO. D-1-GN-16-000201, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellants Wylie Cavin and Lillian Cavin filed a notice of appeal on September 5, 2023, stating that they seek to appeal five orders entered in the underlying trial-court case, four of which were signed in 2018 and one signed in 2019, and "all other adverse orders, whether explicit or implied related to these Orders." Nothing in the notice of appeal informed the Court that the trial court had recently signed a final and appealable order that would make these interlocutory orders appealable. The trial-court clerk's record, which was filed on September 20, 2023, did not contain any recently signed final judgment or appealable order. However, the trial court's docket sheet contained an entry indicating that a "Final or Partial Disposition Order" titled "Plaintiff's Notice of Non-Suit Without Prejudice" had been filed on August 4, 2023. That nonsuit notice was not included in the clerk's record filed with this Court.

Accordingly, upon initial review, the Clerk of the Court sent the Cavins a letter informing them that this Court appears to lack jurisdiction over the appeal because our jurisdiction is limited to appeals in which there exists a final judgment or other appealable order that has been signed by a judge. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *see also* Tex. Civ. Prac. & Rem. Code § 51.012.

The Cavins filed a response informing the Court that appellee Kristin Abbott nonsuited her remaining claims against the Cavins, which they assert made the case final and appealable on August 4, 2023.[1] However, the time for perfecting an appeal in a civil case runs from a signed judgment or order, not from the filing of a pleading or a notice of nonsuit. *See* Tex. R. App. P. 26.1; *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam). "When a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have such unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable runs from the signing of a judgment or order disposing of those claims or parties." *Farmer*, 907 S.W.2d at 496; *see also, e.g.*, *Smith v. McCorkle*, 895 S.W.2d 692 (Tex. 1995) (per curiam) ("A docket entry does not constitute a written order."). Appellate timetables run from the date that the trial court signs an order of dismissal, not from the date a nonsuit is filed, even when the signing of such an order is purely ministerial. *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (citing *Farmer*, 907 S.W.2d at 496).

In some cases, after providing 10 days' notice to the parties, we may dismiss an appeal for want of jurisdiction in the absence of a signed, written order. *See* Tex. R. App. P. 42.3(a); *see*

---

[1] A supplemental clerk's record containing "Plaintiff's Notice of Non-Suit Without Prejudice" filed by Kristin Abbott was subsequently filed with the Court.

*also, e.g.*, *Cobb v. Campbell*, No. 03-20-00037-CV, 2020 WL 828652, at \*1 (Tex. App.—Austin Feb. 20, 2020, no pet.) (mem. op.); *In re X.M.P.*, No. 05-18-01416-CV, 2019 WL 180698, at \*2 (Tex. App.—Dallas Jan. 14, 2019, no pet.) (mem. op.) (dismissing without prejudice to filing new notice of appeal after trial court signs judgment); *see also Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied) (explaining that appellate courts are not required "to docket and hold an appeal open until there is an appealable judgment or order at some future date").

However, in an appropriate case, we may abate the appeal and remand the case to the trial court for entry of a signed, written order. *See, e.g.*, *Davidson v. Davidson*, No. 03-19-00542-CV, 2019 WL 7042942, at \*1 (Tex. App.—Austin Dec. 20, 2019, order) (per curiam); *O'Kroley v. Sherwin-Williams Co.*, No. 11-17-00339-CV, 2018 WL 2212950, at \*1 (Tex. App.—Eastland May 10, 2018, order) (per curiam). In this case, the supplemental clerk's record filed with the Court reflects that appellee Kristin Abbott filed a notice of nonsuit without prejudice on August 4, 2023. In their response letter to the Court, the Cavins assert that this nonsuit disposed of all remaining claims in the case. As they noted in their response, the history of this dispute is lengthy and somewhat procedurally complex. Particularly under these circumstances, complying with the requirement to obtain a signed final and appealable order will aid this Court in confirming our jurisdiction over the appeal.

Accordingly, we abate the appeal and remand the case to the trial court to allow the Cavins to obtain a signed final and appealable order.[2] A supplemental clerk's record containing the

---

[2] We note that in the absence of a signed judgment or appealable order, the trial court retains its plenary power. *See* Tex. R. Civ. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment has been signed."). This Court retains jurisdiction to consider our jurisdiction over this appeal. *See In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (holding that once notice of appeal, whether timely or untimely, is delivered to trial-court clerk for filing, "any further determination concerning appellate jurisdiction must be made by the appellate court"). If a final order is signed by the trial court, we will

trial court's order, or, if no order has been signed, a status report from the Cavins shall be filed with this Court no later than December 29, 2023. *See* Tex. R. App. P. 34.5(c)(1). If a supplemental clerk's record containing a signed final and appealable order or a status report is not filed in this Court by December 29, 2023, we may dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

It is so ordered on November 29, 2023.

Before Justices Baker, Triana, and Smith

Abated and Remanded

Filed: November 29, 2023

---

treat the Cavins' September 5, 2023 notice of appeal as a premature notice of appeal under Texas Rule of Appellate Procedure 27.1.